## HAMBLIN v. STATE BOARD OF LAND COM'RS et al.

No. 3420.   Decided December 20, 1919.   (187 Pac. 178.)

1. PUBLIC LANDS—REQUIREMENT THAT PREFERENCE RIGHT APPLI-CATION FOR PURCHASE OF SCHOOL LAND "MUST" BE MADE WITHIN NINETY DAYS OF FILING OF PLAT NOT MANDATORY. Failure of occupant of school state lands claiming under original settlers to make preference right application to purchase land within ninety days after plat has been filed, under Comp. Laws 1917, section 5588, providing that application "must" be made within such time, does not preclude state board of land commissioners from issuing certificate of sale where no other application has been made between date of filing of plat and making of occupant's application; the word "must" not being mandatory in view of Rev. St. U. S. section 2266. (Page 406.)

2. JUDGMENT—RELIEF TO BE CONSISTENT WITH RULES OF PRACTICE APPLICABLE TO PARTICULAR PROCEEDINGS. Courts must proceed in an orderly manner, and the relief awarded in a given case must be such as is consistent with the rules of practice applicable to the proceedings in which the relief is sought. (Page 407.)

3. MANDAMUS—ISSUANCE OF CERTIFICATE OF SALE TO OCCUPANT OF SCHOOL LAND NOT AN IMPERATIVE DUTY. Under Comp. Laws 1917, section 7391, writ of mandamus will not be granted to compel State Board of Land Commissioners to issue certificate of sale to occupant of school land claiming under original set-

Prayer for Mandamus.   Writ Denied.

tler and applying therefor under section 5588, providing that such occupant "may be permitted to purchase such lands," the issuance of the certificate not being an imperative duty.[1]  (Page 408.)

Original mandamus proceeding by Neaf Hamblin against State Board of Land Commissioners and others.

PEREMPTORY WRIT DENIED.

*F. B. Scott,* of Salt Lake City, for plaintiff.

*Dan B. Shields,* Atty. Gen., and *O. C. Dalby, James H. Wolfe,* and *Herbert Van Dam, Jr.,* Asst. Attys. Gen., for defendants.

THURMAN, J.

The plaintiff by this proceeding requests the court to issue a peremptory writ of mandate requiring the defendant board, its president and secretary, to issue to plaintiff a certificate of sale for certain school land described in the application.  The application is supported by the affidavit of plaintiff's attorney and shows the following facts:  That one of plaintiff's predecessors in interest settled upon said land about forty years ago, built a house thereon, lived there, cultivated the land, and raised valuable crops of corn, hay, and pasturage; that another predecessor of plaintiff lived upon and cultivated said land and finally conveyed his interest to plaintiff, who thereafter lived upon the land, cultivated the same, and still continues to live upon and occupy the premises; that a plat of the survey of said land was filed in the local land office February 26, 1918, and in April next following plaintiff instructed his attorney to prepare for him a preference right application and mail it to plaintiff at Kanab, Utah, for his signature; that said application was prepared, according to instructions, by said attorney, and instead of reaching Kanab as expected by

[1] *Miles* v. *Wells,* 22 Utah, 55, 61 Pac. 534; *State ex rel. Bishop* v. *Morehouse et al.,* 38 Utah, 234, 112 Pac. 169.

plaintiff it was held and retained in the post office at Kanosh, Utah, from May 14 until August 17, 1918; that on failure to receive said application from his said attorney plaintiff caused said attorney to prepare another application, and the same was prepared, signed by plaintiff, and filed in said land office July 9, 1918. Plaintiff's affidavit further shows that in the ordinary course of mail the first application prepared by his attorney would have reached Kanab in time to be signed by plaintiff, returned, and filed in the office of the defendant board, within the time required by law. The affidavit also shows that plaintiff, at the time of filing his preference right application as above stated, deposited with the defendant board the sum required by law as a first payment. and that at said time there was no other application pending for the purchase of the land.

Defendant board, answering said affidavit, admits substantially all the facts alleged, but denies the power of defendant to comply with the demand. It also denies that it owes any duty to plaintiff in respect to the land, inasmuch as plaintiff failed to file his preference right application in time as provided in Comp. Laws Utah 1917, section 5588. The answer is, in effect, a general demurrer, and we are disposed to treat it as such in order that the case may be finally disposed of as far as this form of action is concerned.

The section of the statute above referred to reads as follows:

"Actual and bona fide settlers or occupants who have improved unsurveyed state school lands, and were for two years prior to the extension of the United States survey over said lands actual settlers or occupants thereof, or who hold the same, or the possession thereof, by purchase from the original settlers or their assigns, said original settlers having resided upon, occupied, or cultivated said lands for two years prior to the extension of the surveys of the United States over the same, may be permitted to purchase such lands at private sale at the appraised valuation thereof. Applications to make such purchase by said preferred claimants must be made within ninety days after the plats of said surveys have been filed in the United States land office."

In support of its contention that it is without power to grant plaintiff's application for a certificate of sale, defendant

insists that the word "must," in the last sentence of the section quoted, is mandatory in substance and meaning as well as in form; that plaintiff, having failed to file his preference right application within the time required by law, thereby lost his preference right and now has no better right than any other citizen.  On the other hand, the plaintiff contends that the word "must," in the section quoted, is directory merely, and, inasmuch as there was no other application to purchase said land pending at the time he filed his application, the board had power to recognize his preference right and should have done so by accepting his money and issuing to him a certificate of sale.

Both parties display considerable learning in discussing the question as to whether the word "must," as used in the language referred to, is mandatory or directory.  We deem it unnecessary in this case to enter upon a metaphysical disquisition concerning the class to which the word belongs.  A far more satisfactory solution of the question may be found by resorting to cases wherein the controlling facts and principles are substantially the same, or closely analogous.

United States Revised Statutes 1878, section 2266, relating to pre-emption rights of settlers of the unsurveyed public domain, reads:

"In regard to settlements which are authorized upon unsurveyed lands, the pre-emption claimant shall be in all cases required to file his declaratory statement within three months from the date of the receipt at the district land office of the approved plat of the township embracing such pre-emption settlement."

It will hardly be contended that there is any material difference in principle in the meaning and effect of the language employed in the section last quoted and that employed in section 5588 of our statute, upon which defendant relies. Indeed, it is fair to presume that our Legislature in the enactment of section 5588 had in mind the congressional enactment above quoted and used it as a model for the accomplishment of a purpose substantially similar.  The words "shall be," in the section last quoted, are just as mandatory in form, and apparently just as peremptory in their meaning, as is the word "must" in the Utah statute.

In construing the section of the act of Congress above quoted, as far as we have been able to ascertain, the courts have uniformly held it to be directory only. The cases in mind have all arisen between conflicting claimants, and where there were no intervening rights as in the case at bar.

In *Lansdale* v. *Daniels,* 100 U. S. 113, 25 L. Ed. 587, the contest arose between two preemption claimants, both of whom settled upon the land before it was surveyed. The defendant filed his declaratory statement in the land office about two months before the plat of the survey was filed. The plaintiff did not file his declaration until more than two years after. One paragraph of the court's opinion, illustrating its views upon this question, is of sufficient importance to quote at length. After referring to other questions that had been disposed of, the court, at page 117 of 100 U. S. (25 L. Ed. 587), says:

"Suppose that is so, still the defendant insists that he was entitled to the patent because the plaintiff did not file his declaratory statement until more than two years after the plats of the survey of the land were returned into the local offices. Grant that, but it only shows that both parties settled upon the land while it was unsurveyed, and that each was to some extent in fault in filing his declaratory statement, the difference being that the defendant filed his before he had any right to file it under the pre-emption act, which rendered it a nullity, and that the plaintiff did not file the required notice of claim until the time allowed by the amendatory act had expired. Such a notice, if given before the time allowed by law, is a nullity; but the rule is otherwise where it is filed subsequent to the period prescribed by the amendatory act, as in the latter event it is held to be operative and sufficient unless some other person had previously commenced a settlement and given the required notice of claim"—citing authorities.

To the same effect are *Johnson* v. *Towsley,* 13 Wall. 72, 20 L. Ed. 485; *Hollingshead* v. *Simms,* 51 Cal. 158. See, also, *Poppe* v. *Athearn,* 42 Cal. 606; *Moore* v. *Northern Pacific Ry. Co.,* 43 Land Dec. 175.

Our investigation of this question fails to discover any case in conflict with these decisions; nor does there appear to be any logical reason against the doctrine therein announced. There being no application by any one else between the date of filing the plat and the date of plain-

tiff's preference right application, we are of the opinion the defendant board had power to grant the plaintiff's application and issue to him a certificate of sale, notwithstanding more than ninety days had elapsed after the plat was filed.

But the power of the board to grant the application and issue the certificate, and the power of this court to compel the board to do so by writ of mandamus, presents entirely different questions for our consideration. If this were an equitable proceeding, under the facts disclosed by the record, we would have no hesitancy in granting plaintiff such equitable relief as would be equivalent to the relief he seeks in this proceeding. But courts must proceed in an orderly manner, and the relief awarded in a given case must be such as is consistent with the rules of practice applicable to the proceeding in which the relief is sought. Plaintiff in this case has applied for a writ of mandate, and the nature of the proceeding is such that the relief cannot be obtained if the defendant had any discretion in the matter of refusing to issue the certificate of sale. In 26 Cyc. 157, the author says:

"The purpose of a writ of mandamus is to enforce the performance of a duty, and where a positive official duty is enjoined by law upon any court, board, or officer, and no discretion is given as to the mode or manner of performance, mandamus is the proper remedy to compel its performance."

Again, the same author, at page 162 of the same volume, says:

"The duties which will be enforced by mandamus must be such as are clearly and peremptorily enjoined by law. Where for any reasons the duty to perform the act is doubtful, the obligation is not regarded as imperative, and the applicant will be left to his other remedies. So when the statute prescribing the duty does not clearly and directly create it, the writ will not lie."

And again, at page 155:

"Mandamus cannot be employed as a general rule for the enforcement of equitable rights."

Our own statute, Comp. Laws Utah 1917, section 7391, relating to mandamus, says:

"It may be issued by the Supreme Court, or by a district court or a judge thereof, to any inferior tribunal, corporation, board, or

person, to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station."

The doctrine enunciated by Cyc. has been applied by this court in numerous well-considered cases. In *Miles* v. *Wells*, 22 Utah, 55, at page 65, 61 Pac. 534, at page 537, it is said:

"The court has no jurisdiction to direct, by mandamus, how the discretionary power, in the premises, vested in the board by the statute, shall be exercised."

In *State ex rel. Bishop* v. *Morehouse et al.*, 38 Utah, 234, 112 Pac. 169, the first and second paragraphs of the syllabus state the principle as follows:

"To authorize a writ of mandamus against a public officer, relator must show a clear right to the performance of the act demanded with the corresponding duty upon the officer to perform such act.

"The action of a public officer which requires the exercise of discretion will not be reviewed by mandamus, unless he is guilty of a clear and willful disregard of duty or acts capriciously or with partiality."

For other Utah cases, see citations under section 7391, supra.

Reverting now to section 5588 of the statute, heretofore quoted, it cannot be successfully contended that the duty of the defendant board to issue the certificate is imperatively enjoined by law. Neither can it be said that the duty is clear and unequivocal. In the circumstances detailed in the statute it is said the settler "*may be permitted* to purchase such lands at private sale at the appraised value thereof." (Italics ours.) The language certainly is not mandatory in form. There may be many reasons why the board should not issue a certificate of sale to an applicant even where he complies with the statute by filing his application in time. The preference right application in the present case does not even show that the possession and occupancy of the land by plaintiff and his predecessor in interest have been exclusive. For aught that appears in the record, there may have been others who in the course of time might come forward asserting preference rights and demanding certificates of sale. We are not assuming that such is even probably the case, for no such defense is set up in the answer, but it serves

to illustrate the proposition that the issuing of a certificate to any particular person is not made by statute an imperative duty on the part of the board. In any event, plaintiff has not placed himself in position to demand the relief prayed for in "this" proceeding. Having failed to do what the statute says he "must" do, he is not in position to compel the board by writ of mandate to do what the statute only says "may be permitted."

Notwithstanding the conclusion arrived at, we have no doubt that, when the defendant becomes acquainted with the views of the court as to its power in the premises, it will, of its own accord, reconsider plaintiff's application and do what is just and proper under all the circumstances of the case.

The peremptory writ of mandate is denied.

CORFMAN, C. J., and FRICK, WEBER, and GIDEON, JJ., concur.