## INDUSTRIAL COMMISSION et al. v. AGEE.

No. 3446.   Decided April 9, 1920.   (189 Pac. 414.)

1. STATUTES—SHOULD BE CONSTRUED IN LIGHT OF EXISTING CIRCUM-STANCES. In seeking to arrive at the legislative intent, statutes should be construed in light of existing circumstances.[1]

2. MASTER AND SERVANT—PENDING CASES NOT AFFECTED BY AMENDMENT TO COMPENSATION ACT. In view of Comp. Laws 1917, sections 5839, 5840, 5842, amendment of Industrial Commission Act (Comp. Laws 1917, section 3148), by Laws 1919, chapter 63, section 3148a, to provide for review of decisions of commission on certiorari or ·review in Supreme Court in first instance instead of district court, *held* not to have affected cases pending and being prosecuted prior to time amendment became effective.

[1] Distingushing *Boucofski* v. *Jacobsen*, 36 Utah, 165, 104 Pac. 117, 26 L. R. A. (N. S.) 898.

Petition for writ of prohibition by the Industrial Commission of Utah, A. M. Miller, and the Ætna Life Insurance Company against *Hon. Alfred W. Agee,* Judge of the District Court of Weber County, State of Utah.

PERMANENT WRIT DENIED, alternative writ previously issued set aside.

*De Vine, Stine & Gwilliams* and *J. D. Murphy,* all of Ogden, for plaintiffs.

*Chez & Parker,* of Ogden, for defendant.

CORFMAN, C. J.

Plaintiffs petitioned this court for a writ of prohibition, forbidding the defendant, Hon. Alfred W. Agee, as judge of the district court of Weber county, from proceeding to exercise jurisdiction and to determine upon the merits, under the provisions of chapter 100, Laws 1917, section 87 (section

3148, Comp. Laws of Utah, 1917), as amended by chapter 63, Laws of Utah 1919 (section 3148a, page 164), an appeal to said district court taken from a decision rendered by the Industrial Commission of Utah in a certain matter wherein Emma Chandler was applicant and A. M. Miller et al. were defendants. An alternative writ was issued. The defendant has answered.

It appears that on June 29, 1918, Mrs. Emma Chandler, the surviving widow of George C. Chandler, deceased, filed with the Industrial Commission of Utah, under the provisions of chapter 100, Laws of Utah 1917, an application for compensation to account of the death of her husband while an employé of the petitioner herein, A. M. Miller; that on August 16, 1918, the Industrial Commission rendered its decision, denying compensation; that August 31, 1918, said applicant appealed from the decision denying her compensation to the district court for Weber county, in accordance with the provisions of Comp. Laws of Utah 1917, section 3148; that September 13, 1918, applicant filed her complaint in said district court; that January 13, 1919, applicant filed an amended complaint in said cause, wherein the petitioners here, A. M. Miller and the Ætna Life Insurance Company, were made additional parties defendant on said appeal; that January 27, 1919, the said defendants filed a general demurrer to the amended complaint; that April 25, 1919, the said district court ruled that the amended complaint changed the issues in said cause, and therefore referred the case back to the Industrial Commission, as provided by statute, for further proceedings under the orginal application; that May 6, 1919, the Industrial Commission rendered its second decision and again denied compensation to the applicant, and remanded and certified its proceedings to said district court; that June 30, 1919, the district court set the general demurrer of the defendants for hearing; that July 7, 1919, said demurrer was sustained, and an order made by said district court, dismissing the action on the merits; that thereupon applicant appealed to this court from the order of the district court sustaining the demurrer and dismissing the action

on the merits; that November 7, 1919, this court reversed the judgment of the district court dismissing the action, and remanded the case to the district court, with directions to overrule defendants' demurrer and proceed with the case *(Chandler v. Industrial Commission of Utah et al.,* 55 Utah 213, 184 Pac. 1020) ; that thereupon said defendants asked for and were granted leave to file an amended demurrer, and also filed a motion for dismissal of the petition, both on the ground that the district court was without jurisdiction; that January 5, 1920, the district court ruled on the demurrer and petition, holding that it had jurisdiction to proceed and determine the appeal upon its merits whereupon the petitioners instituted the present proceedings before this court.

Comp: Laws Utah 1917, section 3148, under which the claimant Emma Chandler presented her claim to and was denied compensation by the Industrial Commission, and under the provisions of which she took an appeal to the district court, provides:

"The commission shall have full power and authority to hear and determine all questions within its jurisdiction, pertaining to the payment of compensation and benefits, and its decision thereon shall be final; provided, however, in case the final action of such commission denies the right of the claimant,  *  *  *  then the claimant, within thirty days after the notice of the final action of such commission, may, by filing his appeal in the district court in any county of the district where the injury was inflicted, be entitled to a trial in the ordinary way, and be entitled to a jury if he demands it.  *  *  *  Within thirty days after filing his appeal, the appellant shall file a complaint in the ordinary form against such commission as defendant, and further pleadings shall be had in said cause, according to the rules of civil procedure, and the court, or the jury, under the instructions of the court, if a jury is demanded, shall determine the right of the claimant," etc.

In 1919 the Legislature amended in several particulars our Industrial Commission Act, including section 3148, supra, by passing section 3148a of chapter 63, Laws of Utah 1919, which provides, among other things:

"Within thirty days after the application for a rehearing is denied, or if the application is granted, within thirty days after the rendition of the decision on the rehearing any party affected

thereby may apply to the Supreme Court of this state for a writ of certiorari or review (hereinafter referred to as a writ of review) for the purpose of having the lawfulness of the original award or the award on rehearing inquired into and determined.

"Such writ shall be made returnable not later than thirty days after the date of the issuance thereof, and shall direct the commission to certify its record, which shall include all the proceedings and the evidence taken in the case, to the court."

Subdivision (d) of the same section provides:

"No court of this state (except the Supreme Court) shall have jurisdiction to review, reverse, or annul any award of the commission or to suspend or delay the operation or execution thereof; provided, that a writ of mandamus shall lie from the Supreme Court in all proper cases."

It is very earnestly contended by the plaintiff that the foregoing legislative enactment of 1919, which became effective July 1, 1919, repealed the law of 1917, and therefore the district court is without jurisdiction to proceed to determine the appeal taken to that court from the decision of the commission denying the claimant compensation. In support of their contention counsel have cited numerous cases and authorities to the effect that when statutes remedial in their nature are repealed by another which affords a new or different remedy, all actions pending, as well as all future actions brought, must be prosecuted under the provisions of the latter, unless there be some express saving clause in the new enactment to the contrary. Among the cases and authorities relied on by plaintiffs are the following: 25 R. C. L. pp. 791, 792; 7 R. C. L. p. 1031; 36 Cyc. pp. 1216, 1217; *Texas Midland Ry.* v. *Southwestern T. & T. Co.,* 24 Tex. Civ. App. 198, 58 S. W. 152; *Re Joseph T. H. Hall,* 167 U. S. 38-40, 17 Sup. Ct. 723, 42 L. Ed. 69; *Larkin* v. *Saffarans* (C. C.), 15 Fed. 147; *Untermeyer* v. *Freund et al.* (C. C.) 50 Fed. 77; *Tennessee* v. *Snead,* 96 U. S. 69, 24 L. Ed. 610; *Clark* v. *Kansas City, St. L. & C. R. Co.,* 219 Mo. 524, 118 S. W. 40; *Bidwell* v. *Sonoma Co. Trans. Co.* (Cal. App.) 178 Pac. 723; *Boucofski* v. *Jacobsen,* 36 Utah 165, 104 Pac. 117, 26 L. R. A. (N. S.) 898; *Dillon* v. *Linder,* 36 Wis. 344.

In opposition to the contention made by plaintiffs, the defendant contends that the 1919 amendment is prospective in

its operation, was so intended by the Legislature, and must be so construed, as otherwise the claimant will have lost her right of appeal and be left remediless under the statute as amended; that the Constitution of the state of Utah guarantees every litigant the right of appeal within the time prescribed by law, six months; that to hold, under the circumstances, that the district court is without jurisdiction would in effect deprive the claimant of any legal remedy and nullify the express guaranty of our Constitution of the right of defendant to have her day in court.

It is further argued and contended by the defendant that, aside from taking into consideration the circumstances in which claimant would be left in holding that the district court is without jurisdiction by reason of the amendment of section 3148, the Legislature had in mind the provisions of section 5842, Comp. Laws Utah, 1917, in force when it enacted the amended statute.   Section 5842 provides:

"The repeal of a statute does not revive a statute previously repealed, nor affect any right which has accrued, any duty imposed, any penalty incurred, nor any action or proceeding commenced under or by virtue of the statute repealed."

This section is found in chapter 2 of Comp. Laws Utah 1917, entitled "Statutes—Construction," wherein it is further provided, by section 5839, that—

"The Revised Statutes establish the law of this state respecting the subjects to which they relate, and their provisions and all proceedings under them are to be liberally construed with a view to affect the objects of the statutes and to promote justice."

It is further provided, by section 5840 of the same chapter, that—

"No part of the revised statutes is retroactive, unless expressly so declared."

In arriving at the legislative intent, the foregoing expressed rules of construction, we think, not only must be considered, but strictly adhered to, in passing upon the question of jurisdiction raised by the plaintiffs.

The Industrial Commission Act of this state was originally passed, and became effective in 1917.   Among other things,

the purposes of its enactment were to establish "rates of compensation for personal injuries or deaths sustained by employés in the course of employment," and "providing methods of insuring the payment of compensation." It is obvious that it was not the intention of the Legislature to do away with or avoid these benign purposes in the slightest degree by the amendments made thereto in 1919, wherein it was provided that a writ of certiorari or review to the Supreme Court would lie in favor of the party affected by such decision, and that no other court "shall have jurisdiction to review, reverse, or annul any award of the commission."

In seeking to arrive at legislative intent statutes should be construed in the light of existing circumstances. We have no doubt but that the legislative assembly of 1919 kept in mind the fact that cases were pending and being prosecuted under and in accordance with the provisions of the 1917 statute, and that the observance of section 5842 would protect such claimants without an express saving clause in the amended act of 1919.

Plaintiffs have cited us to the case of *Boucofski* v. *Jacobsen,* supra. It must be kept in mind that the Boucofski case was one dealing with the subject of appeals and rules of procedure with respect thereto. That opinion, in so far as it has any bearing on the instant case, is to the effect that where by statute a new remedy is added to or substituted for an existing right it should be followed. The pertinent expressions of the opinion applicable to the present case, however, are in full accord, and clearly support the contention of the defendant. It was approvingly said:

"Every case must, to a considerable extent, depend on its own circumstances. General words in remedial statutes may be applied to past transactions and pending cases, according to all indications of legislative intent, and this may be greatly influenced by considerations of convenience, reasonableness and justice."

After giving all the cases cited by plaintiffs careful consideration we have become very strongly convinced that the contentions of the plaintiffs in the present case should not prevail. The rules of statutory construction contended for by plaintiffs have no application to the case and the attending

Appeal from Second District

circumstances, which we now have under consideration. No good reason has been or can be assigned for holding that it was the intention of the Legislature to amend the Industrial Commission Act of 1917 so as to leave claimants thereunder remediless in the prosecution of claims pending when the amendments of 1919 became effective. Rather, it was the legislative intent to continue the methods of insuring payment of compensation to claimants whose cases were pending, as provided for in the original act of 1917. In view of the expressed purposes of the act as originally passed and as amended, we can arrive at no other conclusion than that the legislative intent was that, in cases pending and being prosecuted prior to the amendments of 1919 becoming effective the rights of claimants should be determined as provided for in the original act of 1917; that future claimants should prosecute their claims under the provisions of the act as amended in 1919.

Indeed, in view of the provisions of section 5842, supra, and the other sections of our statutes we have referred to, no other rule of construction with respect to the legislative intent would be legally permissible.

It is therefore ordered that a permanent writ herein be denied, and that the alternative writ of prohibition heretofore issued be, and the same is hereby, vacated and set aside, with costs.

FRICK, WEBER, GIDEON, and THURMAN, JJ., concur.