392 P.2d 622

**Elizabeth B. ARCHER, Plaintiff and Appellant,**

v.

**UTAH STATE LAND BOARD et al., Defendants and Respondents.**

**No. 9990.**

Supreme Court of Utah.

June 5, 1964.

Mark K. Boyle, Salt Lake City, for plaintiff and appellant.

A. Pratt Kesler, Atty. Gen., Ronald N. Boyce, Asst. Atty. Gen., Hugh C. Garner, Salt Lake City, for defendants-respondents.

JONES, District Judge.

This is an appeal from a judgment of dismissal by a district court in a civil action. The amended complaint was dismissed because (the court held) that tribunal did not possess jurisdiction and said complaint did not state a claim upon which relief could be granted. For the reasons hereinafter set out we determine that said district court did have jurisdiction and the amended complaint does allege facts which, if established, would entitle plaintiff to certain relief.

We turn first, to the statute involved. Sec. 65–1–88, U.C.A., insofar as applicable here, provides as follows:

"Except as otherwise provided by section 65–1–45, Utah Code Annotated 1953 as amended by this act, oil and gas leases in units not exceeding 640 acres or in one section, whichever is larger, *shall* be issued to the applicant first applying for the lease who is qualified to hold a lease under this act. * * *" (Emphasis added.)

Applying the ordinary and familiar rules of construction, we determine that this section requires the defendant Land Board, once it has classified a given tract of land as open to the public for oil and gas leasing purposes and placed said land on the counter, so to speak, to accord priority to the first qualified applicant who appears, files a proper application, and tenders the appropriate fees.[1] On the other hand we do not construe this statute as requiring said Land Board to accept oil and gas applications as to lands which said Board has not classified as open for leasing, or, to situations where said Board might withdraw from leasing purposes any such tract which it had theretofore classified as open to leasing, provided, that such withdrawal be made for some purpose other than to merely favor and extend preferential leasing privileges (as to a given parcel of land) to some other person other that the "applicant first applying" as provided in the statute.[2]

With the above statute in mind we now proceed to test the allegations of the

---

1. We do not construe McKnight v. State Land Board, 14 Utah 2d 238, 381 P.2d 726 as controlling on this subject.

2. See Haley v. Seaton, 108 U.S.App.D.C. 257, 281 F.2d 620 (1960) where it was held that the sovereign might withdraw lands from leasing purposes for good cause shown.

amended complaint. There are four causes of action. The essence of the pleading, however, is the allegation that the defendant Land Board having classified and listed a certain section of land as open for oil and gas leasing, the appellant (plaintiff) elected to and did file a proper, first in time application, and tendered the requisite fees, but that said Board, acting arbitrarily, capriciously, in violation of the statute (Sec. 65-1-88 U.C.A.), and for the purposes of favoring certain defendants made and signed a certain void unit leasing agreement, then, there, and thereby attempting to supersede and circumvent plaintiff's prior and timely application theretofore made. It appears to us that plaintiff has stated a cause of action. As to whether she can establish the truth of these allegations is entirely another matter. And the only way this issue can be resolved is for the court to take the evidence and resolve the question one way or another.

Looking into, now, the question of the jurisdiction of the court below it is to be observed that the prayer of the amended complaint not only asks that the defendant Land Board be ordered to issue a valid oil and gas lease to plaintiff but also that the interests of the remaining defendants in and to the lands in question be enquired into and resolved. Certainly, there can be no question but that the district court has jurisdiction to adjudicate adverse claims on real property. (See 78-40-1 U.C.A.). And there appears to be ample constitutional,[3] statutory,[4] and case law [5] authority giving and vesting in the several district courts authority to issue writs in the nature of mandamus where it is made to appear that the administrative board or officer has a clear statutory duty to perform a certain act and it or he refuses to do so. By this language we are not determining in advance just what the final disposition of this action should be but simply that the appellant (plaintiff) is entitled to have her day in court on the merits of her claim. If she proves each and all of her allegations in the light of the final issues as made up by the pleadings, then she should have her writ. Otherwise, she must fail. We do not now attempt to pre-judge the merits of the case but simply send it back for a plenary trial.

There are two additional matters that need to be mentioned. It is suggested that the Land Board is protected from law suits by the doctrine of sovereign immunity. Wilkinson v. State, 42 Utah 483, 134 P. 626,

3. Sec. 7, Art. VIII, Constitution of Utah.
4. See 78-3-4, U.C.A. and Rule 65B, Rules of Civil Procedure.
5. See Utah Ass'n Credit Men v. Bowman, 38 Utah 326, 113 P. 63; Woodcock v. Board of Education, etc., 55 Utah 458,

187 P. 181, 10 A.L.R. 181; Miles v. Wells, 22 Utah 55, 61 P. 534; Hamblin v. State Board of Land Com'rs, 55 Utah 402, 187 P. 178; Crockett v. Board of Education, etc., 58 Utah 303, 199 P. 158.

is cited to us as authority for this proposition. But this was an action for damages and could have no application here where all that is sought is an order to have the Board comply with its statutory duty. We find no merit in this contention as applied to a mandamus proceeding. Finally, it is pointed out that during the interim between the filing of the original and the amended complaint that the amendment made by the 1963 legislature to Sec. 65–1–9 became affective whereby the Land Board became vested with authority to conduct hearings, make findings of fact, conclusions of law, and enter its orders thereon. Therefore, we are told, the district court lost jurisdiction because of this amendment to our statute. This question can best be resolved by remarking that ordinarily the facts and the law in a given lawsuit are to be applied as of the date of the filing of the original complaint. We see no good reason for departing from that basic rule in this case.

This cause is remanded to the district court from whence it arose with the direction that it proceed in accordance with the views herein expressed. Appellant to have her costs as against the respondents other than the Land Board, its officers and employees.

HENRIOD, C. J., and CROCKETT, McDONOUGH, and WADE, JJ., concur.

CALLISTER, J., does not participate.