[No. 503-1.    Division Three.    October 18, 1971.]

TOM BLY, *Appellant*, v. PILCHUCK TRIBE NO. 42, IMPROVED ORDER OF RED MEN *et al.*, *Respondents.*

*Demco & Erickson* and *John W. Demco*, for appellant.

*Griffin & Bortner* and *Mathew D. Griffin*, for respondents.

MUNSON, C.J.—A prolonged internal dispute in defendant organization, Pilchuck Tribe No. 42, Improved Order of Red Men, culminated in the expulsion of plaintiff, Tom Bly. On May 22, 1968 plaintiff filed suit seeking, among other things, to set aside the expulsion. In November 1968 defendant moved for summary judgment alleging plaintiff failed to exhaust the organization's internal appellate remedies prior to filing suit. Plaintiff then filed countering affidavits.

On October 16, 1969 defendants filed their answer. On October 31, 1969 the motion for summary judgment was denied. Four days later defendant filed an amended answer adding as an "affirmative defense" that plaintiff was no longer a member of defendant lodge, *i.e.*, it had expelled plaintiff subsequent to the commencement of this action

and he had failed to exhaust his appellate remedies.[1] When the matter came on for trial November 6, 1969, defendant orally moved for a dismissal. After hearing arguments of plaintiff, pro se, and defense counsel the motion was granted. In so doing, the trial court considered depositions of plaintiff and members of defendant organization's state board of appeals, the pleadings and other exhibits admitted in connection with defendant's motion. Plaintiff appeals.

Defendant's motion to dismiss, whether it be based upon CR 12(b)(6) or 12(c), required the court to consider matters outside the pleadings and thereby became one for summary judgment under CR 56. Thus, plaintiff was entitled to a reasonable opportunity to present pertinent material in response thereto. *Stevens v. Murphy*, 69 Wn.2d 939, 421 P.2d 668 (1966). Such an opportunity was not made available to plaintiff unless we consider plaintiff's motion for reconsideration in that vein, which we do not. Being unfamiliar with the rules of procedure, however, plaintiff did not request same and, therefore, we do not base our reversal of the dismissal upon this defect but rather upon defendant's failure to satisfy the burden of showing the nonexistence of an issue of material fact necessary to plaintiff's case. *Hudesman v. Foley*, 73 Wn.2d 880, 441 P.2d 532 (1968); *Foote v. Hayes*, 64 Wn.2d 277, 391 P.2d 551 (1964).

The gist of the defense motion lies in the fact that subsequent to plaintiff's commencement of the instant action defendant organization once again expelled plaintiff.[2] As admitted by defendant, plaintiff appealed this expulsion to the state board of appeals. To show the outcome before that

[1]Defendant's amended answer and affirmative defense was filed contrary to CR 15(a) and (d) in that leave of the court was not requested at the time or prior to the filing of the amended pleading. In actuality, it is not an amended answer as such but is a supplemental proceeding in that the affirmative defense alleged arose after the filing of the complaint. 1A Barron & Holtzoff, Federal Practice and Procedure § 455 at 822; 6 Federal Practice and Procedure § 15.04, at 538 *et seq.* (Wright & Miller ed. 1971.)

[2]We do not pass upon the propriety of this nunc pro tunc attempt to affect the capacity of a plaintiff to sue. *Cf. Archer v. Utah State Land Bd.*, 15 Utah 2d 321, 392 P.2d 622 (1964).

tribunal defendant submitted an exhibit which purported to be a copy of an amended report affirming plaintiff's expulsion; however, it was neither signed by members of the board nor attested by the Great Chief of Records of the Board of Appeals.[3] In fact, one of the members of the board, in a deposition submitted by defendant in support of their motion, stated he neither signed nor was aware of an amended report. Admittedly plaintiff did not appeal from this amended report to the national appellate level. He did, however, during the hearing on the motion, orally challenge the legality of the third expulsion proceeding.

The Constitution and General Laws of the Great Council of the United States Improved Order of Red Men, chapter 7, entitled "Offenses and Code of Procedure", article 3, provides in part: (1) An aggrieved party may appeal to the state board of appeals; (2) during the pendency of an appeal all sanctions are suspended; and (3) the decision of the state board of appeals is final and conclusive.[4] It was, therefore, incumbent upon defendant to show by competent evidence that plaintiff's expulsion was affirmed by the state board of appeals. The authenticity of the exhibit submitted,[5] in light of its "informal" nature and the deposition of a board member, and plaintiff's challenge to the legality of the proceedings culminating therein, presented a question of material fact which could not be determined on

---

[3]General Laws of the Great Council of Washington of the Improved Order of Red Men, ch. 5, art. 1, § 5-1.06.

[4]See also General Laws of the Great Council of Washington of the Improved Order of Red Men, ch. 5, art. 3.

[5]"[I]n addition to pleadings, depositions, admissions on file, answers of a party to interrogatories, and affidavits, which Rule 56(c) specifically enumerates, a court may consider oral testimony, and any other or additional materials that would be admissible in evidence . . ." 6 Moore's Federal Practice, ¶ 56.11, at 2149 (2d ed. 1965) (footnotes omitted).

"To sustain admission in evidence of a copy of a document, it is essential that the copy be properly identified and connected with the original and that its accuracy and verity be established." B. Jones on Evidence, ch. 13, § 561, at 1085 (5th ed. 1958). See also McCormick on Evidence, Title 8, chs. 22 & 23 (1954).

summary judgment. *Cf. United States v. Tuteur*, 215 F.2d 415 (7th Cir. 1954).

Consequently, we find the dismissal was improperly granted. Judgment is reversed and the matter remanded for trial.

GREEN and EVANS, JJ., concur.