**The STATE of Utah, DEPARTMENT OF SOCIAL SERVICES, Plaintiff and Appellant,**

v.

**Roger C. HIGGS, Kurt Mathia, and George C. Melis, Defendants and Respondents.**

No. 17607.

Supreme Court of Utah.

Nov. 26, 1982.

Don R. Petersen, Provo, for plaintiff and appellant.

Kathryn Collard, Salt Lake City, for defendants and respondents.

STEWART, Justice:

The State of Utah, on behalf of the Department of Social Services, filed a complaint in the district court June 7, 1980, seeking judicial review of an administrative order sustaining in part employee grievances filed by the defendants against the Department. On July 22, 1980, the district court dismissed the complaint because the State had failed to exhaust its administrative remedies. The State appeals that order, contending that the trial court erred in not applying the procedural provisions of the statute in effect at the time defendants first initiated their grievance procedures rather than different procedural provisions enacted subsequent to the initiation of the administrative proceedings.

The Department's objection to various conduct by the defendants led to the defendants' initiation of employee grievance proceedings under the State Employees' Grievance Procedure Act, U.C.A., 1953, §§ 67–17–1 to –6 (repealed by 1979 Utah Laws, ch. 139, § 36). That Act provided state employees with a five-step grievance procedure which consisted of: (1) an oral discussion with the grievant's immediate supervisor; (2) a written appeal to the grievant's immediate supervisor; (3) a written

appeal to the grievant's second level supervisor; (4) a written appeal to and hearing before the grievant's department head; and (5) a written appeal to and hearing before a state hearing officer. The Act authorized judicial review of the administrative decision by the district court upon petition by either the employee or the State at the conclusion of the Step 5 procedure. § 67–17–6(5).

After the first four steps had been completed and a Step 5 hearing had been scheduled but not yet held, the Grievance Procedure Act was repealed, 1979 Utah Laws, ch. 139, § 36, and replaced by the Utah State Personnel Management Act, U.C.A., 1953, §§ 67–19–20 to –25 (1981 Supp.), which established a sixth level of administrative review before a personnel review board. Under the Personnel Management Act as originally enacted, only an employee, not the State, was accorded the right to appeal to the personnel review board from the Step 5 proceeding; either the employee or the state agency could seek judicial review of the new Step 6 proceeding. 1979 Utah Laws, ch. 139, § 31.

Upon completion of the Step 5 procedure in this case, the hearing officer denied four and sustained five of the nine employee grievances. The Department sought judicial review of that decision in the district court pursuant to the repealed Grievance Procedure Act, which was in effect at the commencement of the administrative proceedings. At the same time, the employees petitioned for a Step 6 administrative review pursuant to § 67–19–25(6) of the new Personnel Management Act on those issues on which they had lost.

The district court, on the employees' motion to dismiss, ruled that the State had not exhausted its remedies and that no substantive right of the Department would be prejudiced by completion of the administrative process. The court therefore remanded the matter for further administrative proceedings, and the State filed an appeal from that order to this Court. While the appeal was pending, but before the case was briefed and argued, the Legislature again changed the grievance procedures, amending the Personnel Management Act to allow either the agency or aggrieved employees to obtain a Step 6 review, and to allow judicial review of a Step 6 order only to the aggrieved employee and not to the state agency.

The central issue in this case is what law governs the procedural rights of the parties: the Grievance Procedure Act which was in effect at the commencement of the action; the Personnel Management Act which was enacted after the action was commenced but before the petition for judicial review was filed; or the amendment to that act which was passed while the case was pending before this Court.

The State argues that the law in effect at the time the legal proceedings are initiated controls all the proceedings from that point forward. It relies for that proposition on *Union Pacific Railroad Co. v. Trustees, Inc.,* 8 Utah 2d 101, 329 P.2d 398 (1958); *McCarrey v. Utah State Teachers' Retirement Bd.,* 111 Utah 251, 177 P.2d 725 (1947); and *In re Ingraham's Estate,* 106 Utah 337, 148 P.2d 340 (1944). These authorities state the well-established rule that statutory enactments which affect substantive or vested rights generally operate only prospectively. Under the cases cited, the substantive law to be applied throughout an action is the law in effect at the date the action was initiated. *State v. Carney,* 163 Ohio St. 159, 126 N.E.2d 449 (1955). Since the State had the right of judicial review upon completion of Step 5 under the law in effect at the initiation of the administrative proceedings, the State asserts that it may not be deprived of that right by a subsequent change in the law.

 However, procedural statutes enacted subsequent to the initiation of a suit which do not enlarge, eliminate, or destroy vested or contractual rights apply not only to future actions, but also to accrued and pending actions as well. *Petty v. Clark,* 113 Utah 205, 192 P.2d 589 (1948); *Boucofski v. Jacobsen,* 36 Utah 165, 104 P. 117 (1909); 82 C.J.S., *Statutes,* § 416 (1953). Generally, new procedural rules do not affect proceed-

ings completed prior to enactment. *Drainage District No. 7 of Washington County v. Bernards,* 89 Or. 531, 174 P. 1167 (1918). Further proceedings in a pending case are governed by the new law. *St. Louis Southwestern Railway Co. v. Robinson,* 228 Ark. 418, 308 S.W.2d 282 (1957); *Cleveland Trust Co. v. Eaton,* 21 Ohio St.2d 129, 256 N.E.2d 198 (1970); *Drainage District No. 7 of Washington County v. Bernards, supra.* However, when the purpose of an amendment is to clarify the meaning of an earlier enactment, the amendment may be applied retroactively in pending actions. *McGuire v. University of Utah Medical Center,* Utah, 603 P.2d 786 (1979); *Foil v. Ballinger,* Utah, 601 P.2d 144 (1979); *Okland Construction Co. v. Industrial Commission,* Utah, 520 P.2d 208 (1974).

The State contends that *Archer v. Utah State Land Board,* 15 Utah 2d 321, 392 P.2d 622 (1964), is squarely on point and controls this case. In *Archer* the Court held that once jurisdiction of the district court had attached in a proceeding for review of an administrative order, an amendment providing for additional administrative proceedings prior to judicial review did not divest the court of jurisdiction. The original law continued to govern and the amendment had no effect. In *Archer* the Court did not distinguish between substantive law changes and procedural law changes. In any event, a vital factual distinction exists between *Archer* and the present case. Although we stated in *Archer* "that ordinarily the facts and the law in a given lawsuit are to be applied as of the date of the filing of the original complaint," 15 Utah 2d at 324, 392 P.2d at 624, the effective date of the amendment in that case was after the filing of the complaint in the district court. In the instant case, the law providing for judicial review after Step 5 was repealed prior to the filing of the complaint.

*Industrial Commission v. Agee,* 56 Utah 63, 189 P. 414 (1920), also held that once a reviewing court's jurisdiction had attached in a case, an act repealing the jurisdiction of the court in question was not intended to divest that court of jurisdiction. In *Agee* an appeal was taken to the district court for judicial review of an Industrial Commission order. The district court's affirmance of the Commission's order was reversed on appeal to this Court and remanded to the district court. The defendants moved to dismiss, asserting that the district court lacked jurisdiction because of an amendment, which became effective prior to the remand, transferring jurisdiction for judicial review of Commission orders from the district court to the Supreme Court. The district court denied the motion to dismiss, holding that the change in the law had not deprived it of jurisdiction. The defendants appealed to this Court, and we affirmed the district court's exercise of jurisdiction, and held that the former law governed the pending dispute on the ground that the Legislature had not intended to disrupt the appeal proceedings then in process in the courts and thereby leave some employees with no right of judicial review.

In the instant case, the statute providing the Department with a right to judicial review of a Step 5 determination was repealed prior to the completion of Step 5 procedures. The complaint filed in the district court did not validly invoke the jurisdiction of the district court because there was no then existing statute authorizing the exercise of such jurisdiction. Therefore, *Archer* and *Agee* are not dispositive. The statute in effect when the State filed its complaint in the district court required defendants to complete all available administrative procedures prior to filing a petition for judicial review in the district court, and this the State failed to do. It is elementary that administrative remedies, except in rare instances, must first be exhausted before resort may be had to judicial review. *Johnson v. Utah State Retirement Bd.,* Utah, 621 P.2d 1234 (1980); Am.Jur.2d, *Administrative Law* § 595 (1962). Thus, under the law in effect at the time of filing the complaint, the Personnel Management Act, the district court correctly held that the administrative procedures had not been exhausted and properly dismissed the complaint.

The additional administrative proceedings provided for by the Personnel Management Act, § 67–19–1 et seq., must be completed in accordance with the terms of that act before any right of judicial review accrues. As stated in *Boucofski v. Jacobsen,* 36 Utah 165, 104 P. 117 (1909):

> While it is true that a party's rights in a judgment, as a general rule, may not be affected by legislative acts passed or which become effective after the entry of judgment, the rule does not apply to laws which are merely remedial, and which only affect matters of procedure or practice.... [T]he amendment related to a matter of procedure merely, and this would apply to all pending actions unless limited to future actions. In 1 Lewis' Suth. Stat. Const. § 674, the author says: "Where a new statute deals with procedure only, prima facie, it applies to all actions—those which have accrued or are pending, and to future actions." Further on in the same section it is said: "A remedy may be provided for existing rights, a new remedy added to or substituted for those which exist. Every case must, to a considerable extent, depend on its own circumstances. General words in remedial statutes may be applied to past transactions and pending cases, according to all indications of legislative intent, and this may be greatly influenced by considerations of convenience, reasonableness and justice." In section 686 of the same volume it is said: "Statutes enacted to promote and facilitate the administration of justice are prominent in the category of remedial statutes." Section 3490, Comp.Laws 1907, provides: "An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied."

*Id.* at 171–72, 104 P. at 119–20. *See also United States v. National City Lines,* 80 F.Supp. 734 (S.D.Cal.1948); *Tennessee River Nav. Co. v. Grantland,* 199 Ala. 674, 75 So. 283 (1917); *Boyda Dairy Co. v. Continental Casualty Co.,* 299 Ill.App. 469, 20 N.E.2d 339 (1939).

Section 67–19–25 of the Personnel Management Act now provides that both a state agency and an aggrieved employee may take a Step 6 appeal to the personnel review board from an adverse decision at Step 5. The agency's right of judicial review under the old Grievance Procedure Act and under the Personnel Management Act prior to its amendment, however, is abolished.

■ Finally, we note the State's contention that the parties had stipulated prior to the Step 5 proceeding that the Grievance Procedure Act would govern the proceedings in this case. The stipulation, however, is not effective to confer jurisdiction on a court. Parties may not by stipulation enlarge the jurisdiction of a court beyond the boundaries delimited by statutory or constitutional law. *Landes & Co. v. Fellows,* 81 Utah 432, 19 P.2d 389 (1933); *Winn v. Winn,* Mont., 651 P.2d 51 (1982); *Sholty v. Carruth,* 126 Ariz. 458, 616 P.2d 918 (1980).

■ On remand of this case, the Personnel Management Act will control the administrative proceeding since it does not affect any common law or vested rights, and since jurisdiction of the district court had not yet attached at the time the Employees' Grievance Procedure Act was repealed. *Hall v. Beals,* 396 U.S. 45, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969); *Thorpe v. Housing Authority,* 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969); *Carpenter v. Wabash Railway Co.,* 309 U.S. 23, 60 S.Ct. 416, 84 L.Ed. 558 (1940); *Concerned Parents v. Mitchell,* Utah, 645 P.2d 629 (1982).

■ Because of the unusual procedural complications in this case, we think it appropriate that the Department of Social Services be accorded on remand the right of filing for a Step 6 proceeding, and the order of the district court remanding this case should be amended to so provide.

Affirmed as modified.

HALL, C.J., and OAKS, HOWE and DURHAM, JJ., concur.