**FIRST NATIONAL BANK OF BELLE-VILLE, Administrator of the Estate of Leslie Joan Shawley, deceased, Petitioner,**

**v.**

**PAUL HUGHES TRUCKING CO.; Wilsey-Bennett Co., a California corporation; Industrial Indemnity Insurance Co.; and the Workers' Compensation Court, Respondents.**

No. 57564.

Court of Appeals of Oklahoma,
Division No. 2.

April 27, 1982.

Released for Publication by Order of Court of Appeals May 28, 1982.

See also 632 P.2d 382.

Harley E. Venters, Kent Johnson, Oklahoma City, for petitioner.

James B. Durant, Pierce, Couch, Hendrickson, Johnston & Baysinger, Oklahoma City, for respondents.

BRIGHTMIRE, Judge.

This death claim under the Workers' Compensation Act arose August 14, 1973, when Leslie Joan Shawley was killed while employed as a truck driver for Paul Hughes

Trucking Company. After extensive litigation, decedent's administrator, First National Bank of Beileville, Illinois, finally achieved an award for the surviving husband and three children on January 25, 1980, which was affirmed on appeal by the court *en banc* March 28, 1980. Respondents then appealed to the supreme court, Okl., 632 P.2d 382, and asked it to review the $25,000 award. It did, concluded the award should be sustained, and issued a mandate to the Workers' Compensation Court.

On September 21, 1981, that court directed the mandate to be spread of record and ordered the respondent or its carrier to "pay interest on the accrued portion of said award order of the Court at the rate of 10% per year from the date of the award, as provided in 85 O.S.1977 [Supp.] Section 3.6." [1]

The administrator seeks review of the interest order contending interest should be 18 percent as specified in § 3.6.[2] We think it is right and modify the order to provide for 18 percent interest from January 25, 1980, the date of the award.

The statute in question, relating to procedural matters, clearly calls for the payment of 18 percent interest on due and unpaid awards, if unsuccessfully appealed by the employer or its insurance carrier, from the date of the award.

It is not apparent why the Workers' Compensation Court chose to order only 10 percent interest paid, but the respondent employer and insurance carrier offer two reasons.

First, they say that the interest rate should be that in effect at the time Shawley died. The basis for this idea is that § 3.6 specifies that "benefits for death shall be determined by the law in effect at the time of death."

■ The short answer to this is that interest is not a death "benefit" under the Act, but a charge assessed against the respondent debtors for the use of claimant's money pending appeal.

Secondly, respondents say that § 3.6 must be given only prospective effect because this was the intent of the legislature as demonstrated by the language of 85 O.S. 1971 § 109.[3]

That statute was enacted in 1951 as a part of the death benefits act and had nothing whatsoever to do with interest rates on death benefit awards. All it did was exclude pending or existing wrongful death actions or causes of action from operation of the then new workers' death benefit act at the date it became effective.

■ Lastly, we come to grips with what respondents must consider as their most important proposition, having argued it as their first; namely, that it is too late for claimant to raise the interest question for the first time on this appeal because it "had

1. Apparently the court was intending to refer to 85 O.S.1971 § 29.

2. 85 O.S.1977 Supp. § 3.6 is entitled "Appellate procedures" and reads in relevant part as follows:
   "Appeals [to the Workers' Compensation Court *en banc*] shall be allowed on a question of law or a question of fact .... Provided, when the order of the judge of the court making an award to a claimant is appealed by the employer or the insurance carrier, interest in the amount of eighteen percent (18%) per year shall be allowed on the accrued amounts of the award due from the date the award was filed, if the award is not modified or vacated on appeal.
   "B. The order, decision or award ... [may be] appealed to the Supreme Court ....
   Provided, however, no proceeding [to review] shall be entertained by the Supreme Court

   unless ... a written undertaking to the claimant [is] executed on the part of the respondent or insurance carrier ... to the effect that the appellant will pay the amount of the award ... together with interest thereon at the rate of eighteen percent (18%) per year from the date of the award ...."

3. Section 109 reads:
   "This Act shall not affect any action pending or cause of action pending or any cause of action existing or which has accrued to the dependents or other legal representatives of an injured employee in case death, before the effective date of this Act, results from the injury. The provisions of this Act, however, shall be applicable to all cases of death which occur after the effective date of this Act as a result of any injury."

ample opportunity" to raise it during the earlier appeals. Surely, respondents jest. It is not conceivable to us how a litigant can complain about the substance of a court order until it comes into existence. Was claimant bound to prophesy several years earlier that it would eventually win an award, that the award would be appealed and sustained and upon remand the court would allow it less interest than required by law? It was indeed, say respondents, and to clothe such legal nonsense with a little respectability, they point to the Workers' Compensation Act as being "unique social legislation" and say that appeals like this defeat its purpose and make "burdensome the employee's ability to obtain a speedy trial and decision for monetary benefits."

This concern for the long suffering claimant's plight undoubtedly is heartfelt and nearly overwhelms us. We cannot help but wonder why respondents' concern for the welfare of Shawley's children did not burden their conscience when they appealed the 1980 award. The argument does underscore one thing and that is that the lapse of close to a decade between the time of the injury of the worker and the date the claim will finally be satisfied is not what we would call "speedy." It is deplorable.

Claimant's appeal from the interest order is proper and timely.

The interest portion of the order appealed is modified and respondents are ordered to pay claimant 18 percent interest on the award as provided for in 85 O.S.1977 Supp. § 3.6.

BOYDSTON, P. J., concurs.

BACON, J., concurs in result.