**Donnita TUOM, widow of Daniel Lawrence Tuom, Deceased, Plaintiff,**

v.

**DUANE HALL TRUCKING, State Insurance Fund and Industrial Commission of Utah, Defendants.**

**No. 19162.**

Supreme Court of Utah.

Jan. 17, 1984.

---

3. New York Penal Law § 484–h.

Roger D. Sandack, Salt Lake City, for appellant.

James R. Black, Salt Lake City, for respondent.

OAKS, Justice:

A surviving spouse seeks review of an Industrial Commission order denying her claim for workmen's compensation benefits for the death of her husband. At issue is the meaning of the statutory presumption of total dependency as it applies to a spouse[1] and the sufficiency of a showing of partial dependency. U.C.A., 1953, §§ 35–1–68(2)(b)(iv) and 35–1–71.

Daniel and Donnita Tuom became married in a common law relationship in Idaho in 1971. They separated in June 1980 because Daniel was seeing another woman. Donnita lived with members of her family in Idaho, and Daniel lived with the other woman in Utah. During this separation, Daniel visited Donnita on three occasions lasting from three to seven days each, and

they maintained approximately monthly telephone contact. They discussed reconciliation. Neither took any formal steps to terminate their marriage relationship. Daniel died in September 1981 from injuries sustained in an accident that occurred in the course of his employment with the defendant trucking company in Utah.

During the 14-month period of their separation, Donnita's expenditures averaged approximately $831 per month. Daniel gave her $1,500 in June 1980, $250 in October 1980, $100 in November 1980, and the use of his truck until March 1981. He made no payments to her during the 9-month period immediately preceding his death.

Donnita claims, first, that she is entitled to the entire death benefit as a spouse who is "conclusively presumed to be wholly dependent" upon her deceased husband, § 35–1–68(2)(b)(iv) and, second, that if she does not qualify for the statutory presumption, she had, in any event, shown that she was entitled to a partial death benefit because she was at least partially dependent on the decedent at the date of his death. § 35–1–71.

■ 1. The death benefit provisions of our workmen's compensation laws were amended in 1979. Among other things, these amendments changed dependency presumptions and provided for dependency reviews. *See* 1979 Utah Laws, ch. 138 at 773–74. The earlier (1977) version of § 35–1–71(2) provided that a spouse would be presumed wholly dependent for support upon a deceased employee "with whom that individual lives at the time of the death." Since the parties in this case had separated in June 1980 and had not lived together for 14 months preceding Daniel's death, Donnita would not have qualified for the pre-1979 presumption, even under the liberal interpretation we have given to that presumption. *Diaz v. Industrial Commission*, 80 Utah 77, 88, 13 P.2d 307, 311 (1932) ("[i]n a legal sense, and within the meaning of the statute, a husband and wife

---

1. The presumption of total dependency applicable to minor children is discussed in *Rocky Mountain Helicopter v. Carter*, Utah, 652 P.2d 893 (1982).

may well be regarded as living together, though, because of employment, engagements, or mutual convenience, they are living apart from each other").

As amended in 1979, § 35–1–71(2) adds a reference to the death benefit provision to which it applies, but it retains the earlier limits on the presumption: "For purposes of payments to be made under subsection (2)(b)(i) of section 35–1–68, a surviving husband or wife shall be presumed to be wholly dependent upon a spouse with whom he or she lived at the time of the employee's death." Thus, the current statutory presumption of total dependency still does not apply to Donnita.

Donnita relies on § 35–1–68(2). Subsection (b)(i) of that provision details the amounts to be paid to persons "wholly dependent" on the decedent employee at the time of death. The language, unchanged by the 1979 amendments, directs that the weekly payments continue "during dependency" from the date of death for up to six years. This provision specifies what wholly dependent persons will receive and how long they will receive it. "Wholly dependent" is defined by the presumption in § 35–1–71; "during dependency" is defined as indicated below.

The 1979 amendments added two new subsections to § 35–1–68(2). Subsection (b)(iii) provides for review of the issue of dependency at the end of the initial six-year period, and subsection (b)(iv) provides that a surviving spouse is conclusively presumed to be wholly dependent for a six-year period from the date of the employee's death. Thus, while a spouse's continued dependency could have been challenged at any time under the prior law, the 1979 amendments protect a surviving spouse's benefits for an uninterrupted six-year period and free the Industrial Commission from hearing repetitive challenges to continued dependency during that period.

■ According to Donnita's argument, § 35–1–68(2)(b)(iv) should be read as meaning that *any* surviving spouse is conclusively presumed to be wholly dependent for a period of six years. However, that interpretation would cause this provision to conflict with the § 35–1–71 direction that for purposes of death benefits under § 35–1–68(2)(b)(i) a surviving spouse is presumed wholly dependent upon the decedent *only* if said spouse is living with the decedent at the time of death. These two sections were considered together and altered by the same amendatory legislation in 1979. They should be interpreted to avoid inconsistencies if possible. *See Osuala v. Aetna Life & Casualty,* Utah, 608 P.2d 242, 243 (1980).

We have noted that "[i]n order to give a statute its true meaning and significance it should be considered in the light of its background and the purpose sought to be accomplished, together with other aspects of the law which have a bearing on the problem involved." *Snyder v. Clune,* 15 Utah 2d 254, 255, 390 P.2d 915, 916 (1964). In explaining the 1979 amendments, Senator Kay Cornaby, the sponsor, stated that the second injury fund was actuarially unsound and would shortly be bankrupt if the amendments were not passed. Utah Senate Records of Second Reading of S.B. 111, Feb. 16, 1979 (recording on file with Utah Senate). We do not readily infer that a legislature bent on rescuing an overtaxed death benefit fund would enlarge the presumption of total dependency to reach additional persons beyond the existing category of spouses living with the decedent at the time of death. It is more logical to interpret § 35–1–71 as reaffirming the circumstance under which a surviving spouse would be presumed wholly dependent and to interpret § 35–1–68(2)(b)(iv) as intending to insulate such a spouse from challenges to that designation of total dependency for a period of six years. We interpret the statute in that manner and therefore affirm the Commission's conclusion that Donnita Tuom was not entitled to a presumption of total dependency for purposes of the death benefit.

■ 2. Where there is no presumption of total dependency for a spouse or child, "the question of dependency, in whole or in part, shall be determined in accordance

with the facts in each particular case existing at the time of the injury or death of such employee...." § 35–1–71(2). In this case, the Commission reviewed the evidence and made the following finding: "The decedent provided no support for the applicant, nor was there any indication that he intended to provide any support for her since the time of her separation." We agree with Donnita's contention that in view of the uncontradicted evidence of the support Daniel provided her during the early period of their separation, the first part of this finding has no evidentiary support in the record and must therefore be set aside. *See Kaiser Steel Corp. v. Monfredi*, Utah, 631 P.2d 888, 890 (1981).

■ We therefore set aside the Commission's order that the surviving spouse was not entitled to any death benefit and remand to the Commission for further proceedings to determine whether and to what extent the surviving spouse was, in fact, partially dependent upon decedent for support. This determination should be made, as the statute directs, "in accordance with the facts ... existing at the time of the injury or death of such employee...." § 35–1–71(2). This does not make partial dependency turn on whether the decedent made a support payment on the day or week or even the month of his injury or death. We believe that the Legislature did not intend such a rigid construction of a statute that was designed to benefit a deceased worker's surviving spouse, children, and other close family members. The benefits of this statute are not limited to those whose support came in a steady, even stream up to a short time before the employee's death. Persons whose support was paid in a lump sum in advance or in irregular payments should also qualify.

At the same time, any substantial period of time without support may signal a cessation of support, even if there is no other evidence of that intent. Similarly, the failure of a previously dependent person to pursue practical remedies to encourage or legal remedies to compel continued support may signal acquiescence in the end of a state of total or partial dependency.

■ Dependency is a question of fact to be determined on the basis of the acts of the decedent and the acts of the claimed dependent. For this purpose, the trier of fact should consider acts covering at least a period of one year prior to the decedent's death, in order that all evidence bearing on dependency can be viewed in terms of its effect over and in relation to a significant period of time.

The order of the Industrial Commission is set aside, and the case is remanded for further proceedings consistent with this opinion.

STEWART, HOWE and DURHAM, JJ., and PHILIP R. FISHLER, District Judge, concur.

HALL, C.J., having disqualified himself, does not participate herein; FISHLER, District Judge, sat.