Nolan W. MARSHALL, Plaintiff,

v.

The INDUSTRIAL COMMISSION OF the STATE OF UTAH, Emery Mining Corporation (Employer), and/or the State Insurance Fund of the State of Utah, and the Second Injury Fund of the State of Utah, Defendants.

No. 20141.

Supreme Court of Utah.

Aug. 7, 1985.

Virginius Dabney, Salt Lake City, for plaintiff.

David L. Wilkinson, Atty. Gen., Salt Lake City, for Industrial Com'n.

James R. Black, Salt Lake City, for State Ins. Fund.

Gilbert A. Martinez, Salt Lake City, for Second Injury Fund.

HALL, Chief Justice:

Plaintiff appeals a decision of the Industrial Commission denying him interest on past due benefits. Interest was denied on the ground that plaintiff's injury occurred before passage of the statute providing for interest payments. U.C.A., 1953, § 35–1–78 (Supp.1983). We reverse.

On January 25, 1980, plaintiff was injured in an industrial accident in an underground coal mine. He was paid temporary total disability benefits from March 1, 1980, to November 14, 1980. On July 1, 1981, plaintiff filed a claim for permanent partial disability benefits and an application for hearing with the Industrial Commission. A hearing was held on July 12, 1982. On February 4, 1983, the administrative law judge (ALJ) denied plaintiff's request for a

finding of entitlement to permanent total disability benefits. The Industrial Commission affirmed the ALJ's order. Plaintiff then appealed to this Court. The Court reversed, finding that plaintiff was entitled to permanent disability benefits.[1] On remand, the ALJ entered an order awarding plaintiff permanent total disability benefits.

Plaintiff then made a motion for reconsideration requesting the ALJ to include interest of 8% per annum on the award for past due benefits. The ALJ denied the motion, reasoning that since the interest provision was added to the statute effective May 12, 1981,[2] and plaintiff's injury occurred in 1980, the law in effect at the time of the injury governed the case. The ALJ relied on the following language from *Kincheloe v. Coca-Cola Bottling Co.*:[3] "Inasmuch as the incident here concerned occurred in 1980, we are bound to apply the law as of that date."

U.C.A., 1953, § 35–1–78 (Supp.1983) provides in pertinent part: "Awards made by the industrial commission shall include interest at the rate of 8% per annum from the date when each benefit payment would have otherwise become due and payable."

Plaintiff argues that the statutory wording is unambiguous: inclusion of 8% interest must be made on awards from the date when the payment was due regardless of when the injury occurred.

 This Court has consistently held that in worker's compensation cases the benefits to be awarded to an injured worker are to be determined on the basis of the law as it existed at the time of the injury.[4] As the Court said in *Okland Construction Co. v. Industrial Commission*:[5] "[A] later statute or amendment should not be applied in a retroactive manner to deprive a party of his rights or impose greater liability upon him."

We recognize that this rule differs from the general rule followed in this jurisdiction which is that "the substantive law to be applied throughout an action is the law in effect at the date the action *was initiated*." (Emphasis added.)[6]

 A contrary rule to both of the above applies, however, to statutes which operate in furtherance of a remedy already existing and which neither create new rights nor destroy existing rights. Those remedial statutes are applied retrospectively to accrued or pending actions to further the legislature's remedial purpose unless a contrary legislative intent is manifested.[7] As the Court said in *State v. Higgs*:[8]

[S]tatutes enacted *subsequent to the initiation of a suit* which do not enlarge, eliminate, or destroy vested or contractual rights apply not only to future actions, but also to accrued and pending actions as well.

(Emphasis added.) By implication, such statutes enacted before the initiation of a suit or claim automatically apply to suits or claims initiated subsequent to passage of a procedural or remedial statute.

 The purpose of the worker's compensation act is "to secure workmen ...

---

1. *Marshall v. Industrial Comm'n*, Utah, 681 P.2d 208 (1984).

2. The amendment to the statute was passed in the legislative session which adjourned on March 12, 1981, with no specific effective date. Therefore, the statute became effective sixty days after the adjournment. Utah Const. art. VI, § 25.

3. Utah, 656 P.2d 440, 442 n.5 (1982).

4. *Smith v. Industrial Comm'n*, Utah, 549 P.2d 448, 449 (1976); *Utah Constr. Co. v. Matheson*, Utah, 534 P.2d 1238, 1239 (1975); *Okland Constr. Co. v. Industrial Comm'n*, Utah, 520 P.2d 208, 210 (1974).

5. *Supra,* note 4 at 210.

6. *Department of Social Servs. v. Higgs*, Utah, 656 P.2d 998, 1000 (1982). *See also Archer v. Utah State Land Bd.*, 15 Utah 2d 321, 324, 392 P.2d 622, 624 (1964) ("[O]rdinarily the facts and the law in a given lawsuit are to be applied as of the date of the filing of the original complaint.").

7. *Pilcher v. Department of Social Servs.*, Utah, 663 P.2d 450, 455 (1983); *Foil v. Ballinger*, Utah, 601 P.2d 144, 151 (1979). *See also Selk v. Detroit Plastic Prod.*, 419 Mich. 1, 10, 345 N.W.2d 184, 188 (1984).

8. *Supra* note 6.

against becoming objects of charity, by making reasonable compensation for calamities incidental to the employment ...."[9] This payment is intended to compensate the injured individual for the loss of employability resulting from the injury and is keyed to a percentage of the worker's average weekly wages.[10] Thus, it is clear that compensation for worker disability is legislation for the public welfare. It is also clear that the statute providing for interest on unpaid benefits was a legislative attempt to remedy a serious social problem: the depreciation of the value of benefits as a result of non-receipt of the weekly benefit for months, or perhaps years, until a final determination of eligibility and an award are made.[11] To effect this purpose, the legislature could only have intended this remedy to apply to as broad a range of awards as possible.

The ALJ in this case apparently assumed that payment of interest on a worker's compensation award was analogous to a new benefit since, in denying interest on the instant award, the ALJ relied on a footnote in *Kincheloe* [12] which noted that the law in effect at the time of the injury governed.

In *Kincheloe*, the Court was considering whether the Second Injury Fund was liable to the plaintiff there for benefits under U.C.A., 1953, § 35-1-69. Since, as noted previously, the *benefits* to be awarded to an injured worker must be determined on the basis of the law as it existed at the time of the injury, the Court noted that it was bound to apply the law as of that date, even though the legislature had amended the law subsequent to Kincheloe's injury. Thus, the issue involved in *Kincheloe* concerned substantive law.

This line of case law is inapposite to interest payments on worker's compensation awards.[13] Interest on a compensation award is incident to a right and a remedy that already exists.[14] Retroactive application of the statute does not alter the substance of the compensation award.[15] Payment of interest on an unpaid benefit neither creates a new right nor destroys an existing right. Therefore, interest payments should be made on any benefits awarded after the effective date of the statute even though the injury had occurred before. According to the terms of the statute, interest must be paid on each benefit payment which comprises the award from the date that payment would have been due and payable.[16]

The decision of the Industrial Commission is reversed.

HOWE, DURHAM and ZIMMERMAN, JJ., concur.

STEWART, J., concurs in the result.

9. *Marshall, supra* note 1 681 P.2d at 210-11 (quoting *Henrie v. Rocky Mountain Packing Corp.,* 113 Utah 415, 427, 196 P.2d 487, 493 (1948)).

10. *Marshall, supra* note 1, 681 P.2d at 211.

11. *Selk,* 419 Mich. at 12, 345 N.W.2d, at 189.

12. *Supra,* note 3.

13. "[T]he [interest] rate applied is usually the rate in effect at the time interest is assessed, rather than the rate in effect at the time of injury." 3 Larson, The Law of Workmen's Compensation § 83.42(a) at 15-764 (1983) (footnotes omitted).

14. *Selk, supra* note 7. *Cf. Myers v. Carr Constr. Co.,* Fla.App., 387 So.2d 417 (1980); *Jeannette Foods, Inc. v. Workmen's Compensation Appeal Bd.,* 39 Pa.Commw. 107, 394 A.2d 1309 (1978).

15. *Selk,* 419 Mich. at 12, 345 N.W.2d at 189. *See also First Nat'l Bank v. Paul Hughes Trucking Co.,* Okla.App., 645 P.2d 1054 (1982) (interest is not a benefit but a charge assessed for use of the claimant's money pending appeal). *Cf. Ballog v. Knight Newspapers, Inc.,* 381 Mich. 527, 535, 164 N.W.2d 19, 22 (1969) (interest is incident to a right that already exists and is analogous to the costs and court fees of an action).

16. We note that in cases not involving worker's compensation awards (*e.g.* prejudgment interest) case law is split as to whether a statute *increasing* the interest rate requires payment of the new interest rate from the date of injury or from the effective date of the amendatory act. *See e.g.,* Annot., 4 ALR 2d 932 (1949); Annot., 4 ALR 2d 932, Later Case Service (1985).