Larry G. CRENSHAW, Jr., minor child of Larry Crenshaw, deceased, and Stephanie Bridgeforth, Plaintiffs,

v.

The INDUSTRIAL COMMISSION OF UTAH, the Utah State Insurance Fund and/or Acropolis Wholesale, Defendants.

No. 20722.

Supreme Court of Utah.

Dec. 16, 1985.

---

Joseph H. Gallegos, Michael R. Sciumbato, Salt Lake City, for plaintiffs.

Dennis V. Lloyd, State Ins. Fund, Salt Lake City, for defendants.

PER CURIAM:

Plaintiffs appeal the Industrial Commission's award of death benefits to the dependent children of Larry Crenshaw. Larry Crenshaw was fatally injured on October 19, 1983, in a highway truck accident while in the course of his employment.

Although the decedent employee was never married, he fathered three children, each having a different mother. After his death, death benefit claims were filed on behalf of each of the three children. Plaintiff Stephanie Bridgeforth is the mother of the youngest child, Larry Crenshaw, Jr., and also claimed benefits for herself as a dependent member of the decedent's family. Bridgeforth and Larry, Jr., resided with the decedent at the time of his death. She alleges that at the time of his death she and the decedent planned to be married.

No formal hearing was requested or held before the administrative law judge. After consideration of the documentary evidence regarding the relationships between the decedent, his children, and Bridgeforth, the judge divided the maximum death benefit between two of the children, Kristen D. Crenshaw and Larry, Jr.[1] Plaintiffs appealed and requested a hearing, but the Industrial Commission adopted the judge's findings and affirmed the award. Bridgeforth and Larry, Jr., contest the award, claiming that the Commission abused its discretion in (1) refusing to award benefits to Bridgeforth; (2) allocating benefits equally between Kristen and Larry, Jr.; (3) failing to include statutory interest in the award; and (4) awarding plaintiffs only $200 for attorney fees without any hearing.

On review, this Court will reverse the findings and order of the Commission only when arbitrary, capricious, or unsupported by substantial evidence. *Kincheloe v. Coca-Cola Bottling Co. of Ogden,* Utah, 656 P.2d 440 (1982). However, in reviewing interpretations of general questions of law, we need not accord our usual considerable deference to the expertise of the Commission. *Board of Education of Alpine School District v. Olsen,* Utah, 684 P.2d 49, 51 (1984).

---

1. No award was made to the third child, who had previously been formally adopted by her stepfather. No appeal has been taken from the denial of benefits to her.

Plaintiff Bridgeforth claims error in the Commission's refusal to award her benefits as a dependent member of the decedent's family. Section 35–1–71[2] precludes consideration of an applicant for death benefits as a dependent "unless he or she is a member of the family of the deceased employee, or bears the relation of husband or wife. . . ." Because plaintiff and the decedent were living together prior to their expected future marriage, plaintiff argues that she was a member of his family and that each bore the "relation of husband or wife" to the other.

Under this statutory language, we have consistently held that the companion of a deceased employee is not entitled to share in the worker's death benefits in the absence of a legal and valid marriage between them. *Wengert v. Double 00 Hot Shot*, Utah, 657 P.2d 1343 (1983); *Campton v. Industrial Commission*, 106 Utah 571, 151 P.2d 189 (1944); *Schurler v. Industrial Commission*, 86 Utah 284, 43 P.2d 696 (1935); *Sanders v. Industrial Commission*, 64 Utah 372, 230 P. 1026 (1924). An unmarried companion is not considered a member of the decedent's family or related as husband or wife, regardless of the level of personal commitment or the good faith intention to assume a legal marriage relationship in the future.

Plaintiffs claim that our decision in *Tuom v. Duane Hall Trucking*, Utah, 675 P.2d 1200 (1984), recognizes nonmarital relationships for the purpose of qualifying for death benefits. We disagree. *Tuom* is also consistent with the above-cited cases. There, the claimant and the deceased were legally married in a common law marriage in Idaho, where such marriages may be legitimately created. 675 P.2d at 1201. But in Utah, couples may not consummate a valid common law marriage. *See Schurler v. Industrial Commission*, 86 Utah at 286, 43 P.2d at 697. Moreover, Bridgeforth does not claim to be the common law wife of the decedent. Because no valid marital relationship yet existed between plaintiff Bridgeforth and the decedent, the Commission properly denied benefits to her.

Plaintiffs' second issue disputes the equal division of weekly benefits between the minor children, Larry, Jr., and Kristen. Plaintiffs assert that the decedent was the sole means of support for Larry, Jr., but made only sporadic support payments to Kristen's mother for Kristen. Therefore, plaintiffs argue that Larry, Jr., should have been awarded a greater share of the benefits.

The decedent was legally obligated to provide support for Kristen pursuant to a 1978 paternity consent order. In the past, Kristen and her mother had received public support assistance in addition to the decedent's payments. Even when a deceased employee is a nonsupporting but legally bound parent, the minor child may claim the benefit of the statutory presumption of dependency. § 35–1–71(1); *Rocky Mountain Helicopter, Inc. v. Carter*, Utah, 652 P.2d 893 (1982).

As to the allocation of the benefits, section 35–1–73 confers broad discretion upon the Commission to apportion benefits in the manner it determines just and equitable. We do not find any abuse of discretion in the Commission's equal allocation of the weekly payments. There was no evidence before the Commission that Kristen's support needs were adequately met by any other sources or that the reasonable needs of Larry, Jr., were greater than the benefits awarded him. In fact, four-month-old Larry, Jr., will receive $2,680 more in benefits because of Kristen's anticipated eighteenth birthday prior to the full 312 payment weeks. The claim that the Commission improperly divided the weekly benefit payments is without merit.

We agree with plaintiffs' challenge that the Commission improperly refused to include interest in its award. Section 35–1–78 requires that "awards made by the Industrial Commission shall include interest at the rate of 8% per annum from the date when each benefit payment would have

---

**2.** All statutory sections cited herein refer to U.C.A., 1953 (Supp.1985).

otherwise become due and payable." The statutory requirement is clear and unambiguous. Nothing in the record before us would justify its exclusion. In *Marshall v. Industrial Commission*, Utah, 704 P.2d 581 (1985), we reversed the Commission's refusal to include interest in its award when the injury had occurred prior to the effective date of the statute.

Defendants recognize the plain language of the provision, but argue that, as a "stakeholder," they have been willing to pay the benefits and are not responsible for any delay occasioned by the adjudication of beneficiaries. The plain language of the statute does not support defendants' restrictive interpretation that interest should be imposed only as a punishment for delay or a refusal to pay. In *Marshall*, we observed that the purpose of our workers' compensation laws is to secure workers by protecting the value of their benefit payments:

> It is also clear that the statute providing for interest on unpaid benefits was a legislative attempt to remedy a serious social problem: the depreciation of the value of benefits as a result of non-receipt of the weekly benefit for months, or perhaps years, until a final determination of eligibility and an award are made. To effect this purpose, the legislature could only have intended this remedy to apply to as broad a range of awards as possible.

704 P.2d at 583 (footnote omitted). *See also Wilstead v. Industrial Commission*, 17 Utah 2d 214, 407 P.2d 692 (1965).

Interest on each payment when due is not intended as a penalty or punishment for the refusal to pay. The interest is charged for the employer's use of someone else's money. The claimant is unable to make any use of the money, and the value of the benefit is diminished when payment is delayed. Any such delay in payment inevitably results in the claimant's subsidizing the employer or its insurer.[3] Even as a "stakeholder," defendants profit by retaining the use of the money due but unpaid and suffer no unjust burden or expense by paying interest.

In *State Insurance Fund v. Renak*, Utah, 621 P.2d 714 (1980), we held that a lump sum award to the worker should be reduced to the present value of the extended payments to avoid placing a greater financial burden on the employer or, conversely, an unauthorized benefit on the employee. Correspondingly, the employer should not receive an unauthorized benefit at the expense of the employee's dependents. By statute, interest must be paid on each benefit payment which comprises an award from the date the payment would have otherwise been due and payable. Failure to include such interest as part of the Commission's award of benefits was an abuse of its discretion.

■ The amount of the attorney fees awarded, if any, is a factual matter within the discretion of the Commission. U.C.A., 1953, § 35-1-87 (Repl. 1974); *Ellis v. Industrial Commission*, 91 Utah 432, 64 P.2d 363 (1937). Having requested a hearing before the Commission as to attorney fees, plaintiffs should be given an opportunity to justify, if they can, an award of fees greater than the fees which were awarded without hearing by the administrative law judge. *Thatcher v. Industrial Commission*, 115 Utah 568, 578, 207 P.2d 178, 183 (1949). *Cf. Vali Convalescent & Care Institution v. Industrial Commission*, Utah, 649 P.2d 33, 36 (1982).

The award of the Industrial Commission is affirmed in the award of benefits to Kristen and Larry, Jr., and the denial of benefits to Stephanie Bridgeforth. The decision is reversed as to its denial of interest, and the matter is remanded to the Commission for the inclusion of interest in its award and a hearing on attorney fees to be awarded.

---

**3.** *Wilson v. Doehler-Jarvis Division of National Lead Co.*, 358 Mich. 510, 100 N.W.2d 226, 229 (1960); *Drake v. Norge Division, Borg Warner Corp.*, 367 Mich. 464, 116 N.W.2d 842 (1962); *McCaslin v. General Motors Corp.*, 133 Mich. App. 782, 349 N.W.2d 544 (1984); *Mathies Coal Co. v. Workmen's Compensation Appeal Board*, 40 Pa. Cmwlth. 120, 399 A.2d 790, 794 (1979).