Fred **BROADBENT**, Petitioner,

v.

The **INDUSTRIAL COMMISSION OF UTAH; Tolboe Construction; and Industrial Indemnity**, Respondents.

No. 920409–CA.

Court of Appeals of Utah.

March 10, 1993.

Eugene C. Miller, Jr. (argued), Sykes & Vilo, P.C., Salt Lake City, for petitioner.

Stuart L. Poelman (argued), and Ryan E. Tibbitts, Snow, Christensen & Martineau, Salt Lake City, for respondent, Tolboe Const.

Benjamin A. Sims, General Counsel, Salt Lake City, for respondent, Industrial Com'n of Utah.

Before BENCH, GARFF and JACKSON, JJ.

### OPINION

JACKSON, Judge:

Fred Broadbent petitions this court to review the Industrial Commission's holding that interest on his permanent partial disability award be paid starting December 23, 1991. We reverse and remand.

### FACTS

On October 6, 1982, Broadbent fell approximately 35 feet down an air shaft while in the employ of Tolboe Construction Company. Broadbent was hospitalized and underwent various surgical procedures to repair damage to his rectum and peroneal area. The accident left Broadbent unable to work and he started receiving temporary total disability payments on January 8, 1983.

---

Dr. Kelly Jarvis saw Broadbent on May 24, 1983, and opined that Broadbent had rehabilitated enough to attempt reduced "on-the-job activity" as of June 9, 1983. Dr. Jarvis's work release contained the following conditions: 1) that return to work in no way implies achievement of maximal medical rehabilitation, and 2) that return to work in no way implies the absence of potential permanent partial impairment. It was Dr. Jarvis's opinion that work release was necessary to determine "how much the impairment reduced the ability to engage in this gainful activity." Broadbent stopped receiving temporary total disability payments as of June 9, 1983, and returned to work shortly thereafter. Dr. Jarvis referred Broadbent to Dr. Douglas Kirkpatrick who saw Broadbent on April 23, 1984, and considered Broadbent "about 20% disabled for his usual occupation of carpenter."

After his temporary total disability benefits were terminated, Broadbent apparently received no disability payments of any kind until August 14, 1986, when he received temporary total disability payments for thirteen days. After August 27, 1986, it again appears that he received no disability payments until February 17, 1987, when he received about three weeks of temporary total disability benefits. In May 1987, Dr. Bruce Sorensen gave Broadbent a permanent partial disability rating of approximately 16%. Based on that rating, Industrial Indemnity offered to compensate Broadbent for his permanent partial disability. Broadbent rejected the offer and over the next few years received various permanent partial disability ratings from a number of different doctors.

On October 2, 1990, Broadbent filed an Application for Hearing with the Industrial Commission. At the hearing, the parties stipulated that the matters in dispute "were medical only and were not factual, and as such would not require an evidentiary hearing." The parties agreed that the issues could be referred to a medical panel for its evaluation. Four questions were submitted to the medical panel. None of the questions asked the panel to determine when Broadbent's medical condition stabilized. The panel's report failed to address the stabilization question. The panel report was admitted into evidence and the panel's findings were adopted by the Administrative Law Judge. The panel found that Broadbent's permanent partial impairment including pre-existing conditions was 23%.

Based on the panel's finding the Industrial Commission ordered Industrial Indemnity (Tolboe's insurer) to pay Broadbent compensation at the rate of $189 per week for 62.4 weeks for a total of $11,793.60 in a lump sum plus interest at 8% per annum from December 23, 1991. The Industrial Commission ordered the Employers' Reinsurance Fund to pay Broadbent compensation at the rate of $189 per week for 9.36 weeks for a total of $1,769.04 in a lump sum plus interest at 8% per annum from December 23, 1991.

## ISSUE

The only issue in dispute is when the interest payments should start accruing.

## ANALYSIS

Benefits are to be awarded based on the law as it exists at the time of the injury. *Marshall v. Industrial Comm'n,* 704 P.2d 581, 583 (Utah 1985). Utah Code Ann. § 35-1-78 (1981) provides that "[a]wards made by the Industrial Commission shall include interest at the rate of 8% per annum from the date when each benefit payment would have otherwise become due and payable." Interest is charged "for the employer's use of someone else's money. The claimant is unable to make any use of the money, and the value of the benefit is diminished when payment is delayed." *Crenshaw v. Industrial Comm'n,* 712 P.2d 247, 250 (Utah 1985). This interest statute was "a legislative attempt to remedy a serious social problem: the depreciation of the value of benefits as a result of non-receipt of the weekly benefit for months, or perhaps years, until a final determination of eligibility and an award are made." *Marshall,* 704 P.2d at 583 (footnote omitted). Accordingly, interest is due and pay-

able from the time the claimant is eligible for, but does not receive the benefit.

The Industrial Commission ruled that Broadbent is entitled to 62.4 weeks of permanent partial disability benefits, but did not state when this 62.4–week period started. Permanent partial disability is typically awarded "when a claimant reaches medical stabilization." *Rekward v. Industrial Comm'n*, 755 P.2d 166, 168 (Utah App. 1988) (quoting *Booms v. Rapp Constr. Co.*, 720 P.2d 1363, 1366 (Utah 1986)). Stabilization means that "the period of healing has ended and the condition of the claimant will not materially improve." *Booms*, 720 P.2d at 1366. Once medical stabilization is reached, "the claimant is moved from temporary to permanent status and he is no longer eligible for temporary benefits." *Id.* Stabilization is strictly a medical question to be decided on the basis of medical evidence. *Id.* at 1367. Broadbent should have been receiving permanent partial disability when his medical condition stabilized or, in other words, when it was medically determined that his condition would not materially improve.

## CONCLUSION

Interest is due and payable on a permanent partial disability award from the time the claimant was entitled to receive the award. A claimant is entitled to receive permanent partial disability when his or her medical condition stabilizes. The determination of when the interest on Broadbent's disability award should start accruing cannot be made without a finding, based on medical evidence, of when Broadbent's condition became medically stable. Accordingly, we remand the case to the Industrial Commission for such a finding and for an award of interest consistent with that finding.

BENCH and GARFF, JJ., concur.