JOHNSON BROTHERS CONSTRUC-
TION and Workers' Compensa-
tion Fund, Petitioners,

v.

LABOR COMMISSION, Absolute Miner-
als & Mining aka Associated Minerals &
Mining, and Wasatch Crest Mutual In-
surance Co., Respondents.

No. 971621–CA.

Court of Appeals of Utah.

Nov. 5, 1998.

Mark D. Dean, Salt Lake City, for Peti-
tioners.

Brad C. Betebenner and Carrie Taylor,
Salt Lake City, for Respondents.

Before DAVIS, P.J., and BENCH and
BILLINGS, JJ.

OPINION

BENCH, Judge:

Petitioners Johnson Brothers Construction
(Johnson Brothers) and Workers' Compensa-
tion Fund challenge the Labor Commission's
decision holding them liable for workers'
compensation benefits owed to Brett Corna-
by as the result of an industrial accident.
We affirm.

## BACKGROUND

Cornaby sustained injuries when he fell twenty feet while removing some steel beams inside a building owned by 1550 Associates (1550) in Orem, Utah. Before this accident, 1550 hired Johnson Brothers to renovate the building for a new tenant. In conjunction with the renovation, 1550 sold a bridge crane housed within the building to Lloyd McEwen, on the condition that he would be responsible for its removal. McEwen hired Absolute Minerals & Mining (AMMI) to remove and transport the bridge crane he bought from 1550.

AMMI assigned two employees, Cornaby and Frank Snyder, to remove McEwen's bridge crane. AMMI provided them with a boom truck and the other necessary equipment for the sole purpose of removing the crane from the building. While Cornaby and Snyder were removing the crane from the building, Johnson Brothers was also present and proceeding with the building's renovation. Robert Johnson, president of Johnson Brothers, approached Cornaby and Snyder and asked them to do some work for Johnson Brothers. Specifically, Johnson asked the workers to use the boom truck and their equipment to straighten a steel header and to remove several steel beams from the building. Johnson was not then acquainted with Cornaby or Snyder, nor did he know that they worked for AMMI. The parties did not discuss any payment arrangement for the work requested, and Johnson did not ask for proof of workers' compensation or liability insurance coverage.

Cornaby and Snyder finished removing the bridge crane from the building and loaded it onto AMMI's truck. They then called in to report their progress, and AMMI instructed them to take the rest of the day off. Having completed the AMMI work, the two men proceeded to a different part of the building and began the work Johnson had requested. While removing the steel beams, Cornaby fell twenty feet and sustained serious injuries.

Cornaby filed two applications for workers' compensation with the Industrial Commission,[1] asserting that he worked for either Johnson Brothers or AMMI when he sustained the injuries. After an evidentiary hearing, an administrative law judge (ALJ) issued a decision finding that Cornaby sustained his injuries while in the course and scope of his employment with AMMI. AMMI filed a Motion for Review with the Labor Commission. In the Order Granting the Motion for Review, the Labor Commission reversed the ALJ's decision and found that Cornaby sustained the injuries while working as an employee of Johnson Brothers. Johnson Brothers then filed a Petition for Writ of Review with this court.

## ISSUE AND STANDARD OF REVIEW

The sole issue before this court is whether the Labor Commission properly determined that Cornaby was an employee of Johnson Brothers at the time of the accident.

The Legislature has granted the Labor Commission broad discretion to determine the facts and apply the law. The Utah Code expressly provides: "The commission has the duty and the full power, jurisdiction, and authority to determine the facts and apply the law in this chapter or any other title or chapter it administers." Utah Code Ann. § 34A-1-301 (1997). This court has previously concluded that the statute's "grant of discretion to the Commission to apply the law requires that we apply an intermediate standard of review to its determinations." *Osman Home Improvement v. Industrial Comm'n*, 958 P.2d 240, 243 (Utah Ct.App. 1998) (citing *Caporoz v. Labor Comm'n*, 945 P.2d 141, 143 (Utah Ct.App.1997)). We therefore review the commission's decision for reasonableness. *See Caporoz*, 945 P.2d at 143.

---

1. In 1997, the Utah Legislature revised Title 35A, created Title 34A, and replaced the Industrial Commission with the Labor Commission. *See* Utah Code Ann. § 34A-1-103 (1997). In the course of this revision, many of the sections pertaining to workers' compensation were re-numbered. Consequently, because the sections in effect at the time do not differ materially from the current statutory provisions, we cite to the most recent statutory codifications throughout this opinion.

## ANALYSIS

Petitioners argue on appeal that the commission erred in determining that Cornaby was an employee of Johnson Brothers at the time of the accident. Johnson Brothers asserts that Cornaby was either an AMMI employee or an independent contractor when the injuries occurred.

◼ Section 34A–2–104 of the Utah Workers' Compensation Act defines an employee as

> each person in the service of any employer ... who employs one or more workers or operatives regularly in the same business, or in or about the same establishment, under any contract of hire, express or implied, oral or written, ... but not including any person whose employment is casual and not in the usual course of the trade, business, or occupation of the employee's employer.

Utah Code Ann. § 34A–2–104(1)(b) (Supp. 1998). "[I]t will almost always follow that if the evidence shows that an 'employer' retains the right to control the work of the claimant, the claimant is the employer's employee for workmen's compensation purposes." *Bennett v. Industrial Comm'n*, 726 P.2d 427, 429–30 (Utah 1986). Factors used to determine the right to control include: the express or implied right to direct and control the employee; the right to hire and fire; responsibility for payment of wages; and providing job-related equipment. *See Averett v. Grange*, 909 P.2d 246, 249 (Utah 1995). However, "these factors are not inclusive," *Bennett*, 726 P.2d at 430, and "no one factor is completely controlling," *Osman*, 958 P.2d at 244. Moreover, "[i]t is not the *actual* exercise of control that determines whether an employer-employee relationship exists; it is the *right* to control that is determinative." *Pinter Constr. Co. v. Frisby*, 678 P.2d 305, 309 (Utah 1984).

◼ The evidence in this case shows that Johnson had sufficient supervision and control over the work he asked Cornaby to perform to create an employer-employee relationship. Johnson had the authority to hire the workers for the building renovation. The agreement between Johnson Brothers and Cornaby was oral and informal. Although the parties did not discuss a method of payment, Johnson testified that Johnson Brothers would be obligated to pay for the work when presented with a bill. "The informality of the arrangement suggests that [the employer] expected to have sufficient control over the work to make certain that the work was performed to his satisfaction." *Pinter*, 678 P.2d at 308. The fact that Johnson maintained the right to control and direct Cornaby's work is sufficient to create an employer-employee relationship.

Furthermore, the work Cornaby performed at the time of the accident was "a part or process in the trade or business of" Johnson Brothers. Utah Code Ann. § 34A–2–103(6)(a) (1997) (defining employer). "That phrase includes 'those operations which entered directly into the successful performance of the commercial function of the principal employer.'" *Pinter*, 678 P.2d at 309 (quoting *Lee v. Chevron Oil Co.*, 565 P.2d 1128, 1131 (Utah 1977)). It is undisputed that Cornaby's removal of the steel beams related directly to the successful performance of Johnson Brothers' renovation project.

◼ The commission also noted Johnson testified that when he entered into the arrangement with Cornaby and Snyder, he did not know they worked for AMMI. The commission found that under these circumstances, Johnson could not reasonably argue that he dealt with them as agents of AMMI. Furthermore, Johnson testified that he required proof of liability and workers' compensation insurance as part of his usual practice when hiring an independent contractor. The commission found that Johnson "did not require proof of insurance coverage in this case," and thus concluded that Johnson knew "he was not dealing with [AMMI], but with Mr. Snyder and Mr. Cornaby as individuals, hired to perform specific assignments that were an integral part of Johnson Brothers' business." In light of the foregoing, the commission reasonably determined that Cornaby was an employee of Johnson Brothers at the time of his work-related accident.

## CONCLUSION

Upon our review of the record, we conclude that the commission's ruling that Cornaby was an employee of Johnson Brothers at the time of the accident is well within " 'the bounds of reasonableness and rationality.' " *Osman,* 958 P.2d at 243 (quoting *Niederhauser Ornamental & Metal Works Co. v. Tax Comm'n,* 858 P.2d 1034, 1037 (Utah Ct.App.1993)). We therefore affirm the commission's decision.

DAVIS, P.J., and BILLINGS, J., concur.