2008 UT App 187

**David ROWSELL, Petitioner,**

v.

**LABOR COMMISSION, Respondent.**

No. 20070405–CA.

Court of Appeals of Utah.

May 22, 2008.

Aaron J. Prisbrey, St. George, for Petitioner.

Alan L. Hennebold, Salt Lake City, for Respondent.

Before Judges DAVIS, McHUGH, and ORME.

## MEMORANDUM DECISION

DAVIS, Judge:

¶ 1 David Rowsell appeals the Utah Labor Commission's (the Commission) Order affirming the decision of its Administrative Law Judge (the ALJ), which dismissed Rowsell's case "with prejudice" and combined two of Rowsell's cases against separate employers, resulting in a reduction in attorney fees for Rowsell's counsel. We affirm.

## BACKGROUND

¶ 2 Rowsell filed two applications for hearings with the Commission: one alleging that his lower-back injuries were caused by his work on April 19, 2001, for Best Western Coral Hills Motel (Best Western), and the other alleging that his injuries were caused by a 2003 lower-back aggravation while working at Red Cliffs Regional Rehabilitation (Red Cliffs). Best Western denied that the injury was caused by Rowsell's work at Best Western. Best Western relied on its medical expert's opinion that "Rowsell's problems were not caused as a result of his 2001 accident, ... but [were] instead related to [his 2003] aggravation while working for Red Cliffs."

¶ 3 Rowsell's counsel wrote a letter to the ALJ dated the same day as the second application for hearing with the Commission against Red Cliffs. In the letter, Rowsell's counsel asked "that the case which has been filed today against Red Cliffs ... be consolidated with the current case against Best Western." "Essentially," Rowsell's counsel explained, "both [Best Western and Red Cliffs] are pointing the finger at the other. From Mr. Rowsell's standpoint it probably

doesn't matter who pays, as long as someone pays."

¶ 4 Best Western entered into a settlement agreement with Rowsell, which included a lump-sum payment of $65,000 to Rowsell for all of his claims against Best Western, $9,650 of which was to go to his counsel, leaving Rowsell with a net benefit of $55,350. Rowsell also entered into a settlement agreement with Red Cliffs, wherein Red Cliffs agreed to pay for Rowsell's back surgery and follow-up care, as well as all future medical expenses related to Rowsell's back injury. The parties also agreed to a lump-sum payment of $50,000 for all of Rowsell's disability claims against Red Cliffs, $8,150 of which would go to Rowsell's counsel, leaving Rowsell with a net benefit of $41,850. Thus, the total cash benefit under the two settlement agreements was $97,200 for Rowsell and $17,800 for his attorney—approximately 15.5% of the award. Best Western and Red Cliffs specifically requested that each settlement be contingent upon the approval of the other.

¶ 5 In accordance with the settlement agreements, the ALJ entered an Order of Dismissal of both cases, approving the gross payments from the employers but specifically striking out the attorney fees agreed upon by the parties "because together they exceed the statutory limit." *See* Utah Admin. Code R602-2-4(3)(a) (2005) (amended 2007). "Rowsell's attorney," the ALJ explained, "argues that the cases are separate in that they concern two different employers, insurance companies, and two accident dates, I view the permanent total compensation claim as one claim, and not two separate claims."

¶ 6 Since Rowsell "gets the same amount of compensation whether or not the cases are filed separately or together or whether he has one or more employers and insurance companies," the ALJ reasoned, Rowsell's attorney should not be entitled to additional attorney fees by separating the work injury claim into two different cases. The ALJ reduced attorney fees pro rata "to a combined total not exceeding the statutory limit." As a result, attorney fees were reduced by $6,950. After reducing the attorney fees awarded, the ALJ further ruled "that the

claims of [Rowsell] be ... dismissed with prejudice."

¶ 7 Rowsell's counsel filed Motions for Review with the Commission on both cases, and the Commission thereafter issued an Order affirming the ALJ's reduction of the attorney fees, explaining that if Rowsell's counsel's fees "are computed *separately* ... [he] will receive an attorney[ ] fee of $17,800.00. But if attorney[ ] fees are computed on the *sum* of the Best Western and Red Cliffs' payments, the attorney[ ] fees will be capped at $10,850.00 and the difference between the two amounts [ ($6,950) ] will be paid to ... Rowsell." That is, had the ALJ not combined the two cases, the Commission observed, Rowsell would essentially be paying his attorney $6,950 otherwise payable to him via Rowsell's lump-sum payments. The Commission did not address Rowsell's argument that the ALJ erred in dismissing his claims with prejudice. Rowsell now appeals the Commission's Order.

## ISSUES AND STANDARDS OF REVIEW

¶ 8 Rowsell claims that the Commission erred in reducing the award of attorney fees. Specifically, Rowsell argues that the Commission overstepped its bounds by misinterpreting Utah Code section 34A–1–309 to permit the merger of multiple cases before the Commission. "The Legislature has granted the Labor Commission broad discretion to determine the facts and apply the law." *Johnson Bros. Constr. v. Labor Comm'n,* 967 P.2d 1258, 1259 (Utah Ct.App. 1998). Because "there is an explicit grant of discretion [by the legislature to the Commission,] the court applies a deferential standard of review." *King v. Industrial Comm'n,* 850 P.2d 1281, 1289–90 (Utah Ct.App.1993); *see also* Utah Code Ann. § 34A–1–301 (2005) ("The [C]ommission has the duty and the full power, jurisdiction, and authority to determine the facts and apply the law in this chapter or any other title or chapter it administers."). "This court has previously concluded that the statute's 'grant of discretion to the Commission to apply the law requires that we apply an intermediate standard of review to its determinations.'" *Johnson Bros.,* 967 P.2d at 1259 (quoting *Osman*

*Home Improvement v. Industrial Comm'n,* 958 P.2d 240, 243 (Utah Ct.App.1998)).[1] "The amount of the attorney fees awarded, if any, is a factual matter within the discretion of the Commission." *Crenshaw v. Industrial Comm'n,* 712 P.2d 247, 250 (Utah 1985).

¶ 9 Rowsell also contends that the Commission erred in dismissing his claim against Red Cliffs with prejudice.[2] Whether the Commission's Order dismissing the case with prejudice was enforceable as a judicial judgment is a question of law, which we review for correctness. *See Stokes v. Flanders,* 970 P.2d 1260, 1262 (Utah 1998).[3]

## ANALYSIS

### I. Merger of Cases and Reduction of Attorney Fees

¶ 10 Rowsell's counsel claims that no law permits the Commission to aggregate "similar claims" under one attorney fees cap. In support, Rowsell's counsel points to the use of the singular form of the terms "attorney," "application," "employer," and "insurance carrier" in section 34A–1–309, *see* Utah Code Ann. § 34A–1–309(2), (3)(b) (2005), as well as the terms "case" and "appointment" in the Commission's own rule, *see* Utah Admin. Code R602–2–4 (2005) (amended 2007).

¶ 11 These singular terms notwithstanding, subsection (1) of section 34A–1–309 vests the Commission with "full power to regulate and fix" attorney fees. *See* Utah Code Ann. § 34A–1–309(1). Other remaining subsections of the statute similarly grant the Commission discretion in various aspects of awarding attorney fees, *see id.* § 34A–1–309(3), (4), and section 34A–2–420 grants the Commission the ability to reject parties' settlement agreements altogether, which necessarily includes agreements parties make regarding attorney fees, *see id.* § 34A–2–420(4). *See also Thatcher v. Industrial Comm'n,* 115 Utah 568, 207 P.2d 178, 182 (1949) ("[N]o greater sum may be charged than that fixed by the Industrial Commission, if the fee so fixed by it is within the limits of reasonableness even though the parties may have agreed on a larger sum.").

¶ 12 In *Thatcher v. Industrial Commission,* the Utah Supreme Court upheld the constitutionality of a predecessor statute that also limited attorney fees in workers' compensation cases.

> Since the amounts which may be awarded under the compensation act are at all times very modest, and in inflationary times practically penurious, it is apparent that the very purposes of the act would be defeated if attorneys were limited only by the canons of professional ethics in the fixing of fees for services rendered in compensation cases. To permit attorneys to charge usual fees in cases of this sort might practically emasculate any value of the compensation act to the workman.

*Id.* at 182; *see also Aldrich, Nelson, Weight & Esplin v. Department of Employment Sec.,* 878 P.2d 1191, 1194–96 (Utah Ct.App. 1994) (upholding the Industrial Commission's "internal rule limiting attorney fees to twenty-five percent of a claimant's maximum unemployment benefit entitlement").

¶ 13 "When interpreting statutes, .... [w]e presume that the legislature used each word advisedly...." *Martinez v. Media–Paymaster Plus,* 2007 UT 42, ¶ 46, 164

---

1. "In July 1997, the Utah Legislature replaced the Industrial Commission with the Utah Labor Commission." *Esquivel v. Labor Comm'n,* 2000 UT 66, ¶ 8, 7 P.3d 777; *see also* Act of Mar. 4, 1997, ch. 375, § 55, 1997 Utah Laws 1438, 1466–67. Thus, "the Labor Commission assumed responsibility from the Industrial Commission for the enforcement of Title 34A, the Utah Labor Code." *Wood v. Labor Comm'n,* 2005 UT App 490, ¶ 6 n. 4, 128 P.3d 41. While this replacement resulted in, among other things, a renumbering of the code, caselaw involving the administrative powers of the Industrial Commission remains binding on cases involving the administrative powers of the Labor Commission.

2. While the ALJ dismissed Rowsell's cases with prejudice, the Commission's Order never directly addressed the dismissal issue but focused solely on the ALJ's reduction of attorney fees.

3. Rowsell also argues that the reduction of attorney fees is against the Commission's practice of granting separate fees on separate cases. Because he does not point to any case or evidence to suggest such a practice exists, we decline to address this argument. *See* Utah R.App. P. 24(a)(9) (requiring appellant's brief to contain citation to the authorities upon which the argument relies).

P.3d 384 (internal quotation marks omitted). It is a well-settled canon of statutory construction that we should look first to "the plain meaning of the text where the statute is unambiguous and there is no compelling reason to believe that the legislature has misspoken." *Moss v. Pete Suazo Utah Athletic Comm'n*, 2007 UT 99, ¶ 13, 175 P.3d 1042. Nevertheless, "[a]n equally well-settled caveat to the plain meaning rule states that a court should not follow the literal language of a statute if its plain meaning works an absurd result." *Savage v. Utah Youth Vill.*, 2004 UT 102, ¶ 18, 104 P.3d 1242. Interpreting the use of the various terms in their singular, rather than their plural forms, to limit the Commission's authority "to regulate and fix" attorney fees is inconsistent with the plain meaning of the statute and rule. *See also* Utah Code Ann. § 68–3–12(1)(b) (2004) ("The singular number includes the plural, and the plural the singular.").

■ ¶ 14 In affirming the award of attorney fees, we note that

> We do not sustain the [C]ommission's action because we are [necessarily] of the opinion it has fixed a reasonable fee, but because the statute vests in the [C]ommission the power to fix and regulate attorney[ ] fees in this kind of case[ ], and its action was not wholly arbitrary and capricious. The statute says nothing about an adequate fee or about reasonable fees, but does say that in all cases coming before the [Labor] Commission in which attorneys have been employed the [C]ommission is vested with full power to regulate and fix the fees of such attorneys.

*Ellis v. Industrial Comm'n*, 91 Utah 432, 64 P.2d 363, 371 (1937) (Folland, J., concurring).[4]

## II. Dismissal with Prejudice

¶ 15 Rowsell also argues that the ALJ erred by dismissing his claims against Best Western and Red Cliffs with prejudice after awarding him $115,000 in gross payment from his two employers and their insurers. Specifically, Rowsell contends that this dismissal with prejudice effectively precludes him from filing future medical claims. Rowsell points to *Vigos v. Mountainland Builders, Inc.*, 2000 UT 2, 993 P.2d 207, for the proposition that the Commission never loses jurisdiction over a worker's injury claim. However, the issue in *Vigos* was whether a claim had been properly filed within six years after the accident occurred, not whether an ALJ could dismiss timely complaints with prejudice. *See id.* ¶¶ 10–29.

■ ¶ 16 Moreover, the ALJ explicitly ruled in paragraphs three and six that Rowsell's "claim for medical expenses against Red Cliffs, et al. will remain open pursuant to the terms of the ... settlement agreement" and that Red Cliffs would "pay all future medical expenses related to [Rowsell's] low[er] back condition subject to reasonable medical necessity and all other defenses available to Red Cliffs." Thus, the ruling did not preclude Rowsell from filing future medical claims based on the 2001 injury. Rather, the ruling precluded Rowsell from refiling the same claims against Red Cliffs and Best Western that the ALJ had already adjudicated. Since the only substantive change between the settlement agreements and the ALJ's ruling was the amount of attorney fees, the ALJ properly ruled that any refiling of Rowsell's concluded claims against Best Western and Red Cliffs was barred. We thus hold that that portion of the Commission's Order dismissing Rowsell's claims with prejudice is limited to those concluded claims against Red Cliffs and Best Western, and not to any future medical claims against Red Cliffs per paragraphs three and six of the ALJ's ruling.[5]

## CONCLUSION

¶ 17 We affirm the Commission's reduction of Rowsell's counsel's attorney fees under the facts and circumstances of this case. We also affirm the Commission's decision barring

---

4. In the future, it would not be inappropriate for an ALJ to notify counsel that it is considering combining cases for the purposes of attorney fees and inviting counsel to respond in writing or at a hearing on the matter.

5. We note that this holding is consistent with the Commission's position at oral argument and in its briefing.

Rowsell from refiling his adjudicated claims against Best Western and Red Cliffs, while still permitting Rowsell to file future medical claims against Red Cliffs.

¶18 WE CONCUR: CAROLYN B. McHUGH and GREGORY K. ORME, Judges.